## V. T. Malott, Receiver, v. Willis S. Howell.

1. VERDICT—*power of court to correct.* The court has authority to put a verdict in form, where, on its face, it is good in substance and does not depend upon the consent or knowledge of the jury.

2. RECEIVER—*form of judgment against.* A personal judgment and execution should not be awarded against a receiver; they should run against him in his official capacity, to be paid in due course of administration.

3. VENIRE FACIAS DE NOVO—*when not awarded.* A *venire facias de novo* will not be awarded, notwithstanding a reversal and remandment, where no error has intervened until after the overruling of the motion for a new trial.

Action of debt to recover penalty. Error to the Circuit Court of Moultrie County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed December 15, 1903.

E. J. MILLER, for plaintiff in error.

EDEN & MARTIN, for defendant in error.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in debt under the statute, by defendant in error against plaintiff in error as receiver, to recover damages in double the value of certain repairs claimed to have been made by him to the right of way fence on the line between his lands and the right of way of the railroad of which plaintiff in error is such receiver.

Judgment was rendered by the Circuit Court against the defendant who sues out this writ of error.

We find no error in the rulings of the trial court as to the competency of the evidence offered or in passing upon the instructions, and are of opinion that the evidence is sufficient to sustain the verdict.

The amount claimed in the declaration was $60 debt and $35 damages. The jury returned a verdict for $50 damages. This is urged as error. The defect was but technical

and formal. Inasmuch as there were no damages proved or claimed on the trial, the court very properly put the verdict in proper form and rendered judgment for $50 debt, being double the amount which the evidence showed defendant in error had expended in repairing the fence. The authority rests in the court to put a verdict in form where it is, on its face, good in substance, and does not depend upon the consent or knowledge of the jury. Colony v. Pease, 194 Ill. 98.

It appears from the record, however, that a personal judgment was rendered against plaintiff in error, instead of in his official capacity as receiver, and that execution was awarded thereon. This was error. A personal judgment and execution cannot properly be awarded against a receiver, but it should be against him in his official capacity, to be paid in due course of the administration of his trust. McNulta v. Ench, 134 Ill. 46; McNulta v. Lockridge, 137 Ill. 279; Bartlett v. Cicero, 177 Ill. 76.

This error will necessitate the reversal of the judgment, but as we find that no error intervened up to and including the motion for a new trial, no occasion exists for awarding a *venire facias de novo*.

The judgment will therefore be reversed and the cause remanded with directions to the Circuit Court to enter judgment upon the verdict of the jury, in conformity with the foregoing ruling, as well as for the costs of that court. McNulta v. Ench, *supra*.

*Reversed and remanded.*