Frank Bencie, Appellee, v. Ralph L. Williams and Fidelity and Casualty Company of New York, Appellants.

**Term No. 49F3.**

Opinion filed May 9, 1949. Released for publication June 9, 1949.

WILLIAM GREENE, of Chicago, and HICKMAN & HICKMAN, of Benton, for appellant; WILLIAM GREENE, of Chicago, of counsel.

MARION M. HART, of Benton, and FRANK E. TROBAUGH and STEPHEN E. BRONDOS, of West Frankfort, for appellee.

MR. JUSTICE SCHEINEMAN delivered the opinion of the court.

Plaintiff, Frank Bencie, sued the defendant, Ralph L. Williams, for damages resulting from personal injuries suffered when plaintiff was shot with a revolver by said defendant, who was a police officer. The Fidelity and Casualty Company of New York (appellant), was joined as a defendant in its capacity as surety upon the policeman's official bond in the sum of $5,000.

The *ad damnum* was $25,000 as to Williams and $5,000 as to his surety. The jury was handed six forms of verdict and an instruction thereon, three of them be-

ing plaintiff's verdicts, one finding both defendants guilty and one against each defendant separately; the other three were the converse "not guilty" verdicts. The jury found for the plaintiff and filled out and returned all three "guilty" verdicts; the one against both defendants jointly fixed damages at $5,750, the second against the surety alone was for $5,000 and the third against Williams alone was for $750.

After the jury was discharged, the court heard and denied defendants' motion to set aside the verdicts, motion for judgment notwithstanding the verdicts and in the alternative for a new trial. Thereupon the court construed the verdicts and found that the jury intended to fix the damages for plaintiff at $5,750; that defendant, Williams, was liable for that amount and for costs; that the surety was jointly liable in the maximum sum of $5,000. The court devised and entered a judgment designed to achieve that result. No point has been made as to the form of the judgment, except that the court could not so construe the verdicts.

The surety prosecutes this appeal and has assigned and argued four points as errors in the trial; 1, That the evidence wholly fails to show that plaintiff's injuries resulted from any official act of the police officer; 2, That the jury's verdicts were improper and could not be made the basis of a legal judgment; 3, That plaintiff's case was erroneously tried on the theory that the two defendants were joint tortfeasors; and 4, That the court admitted harmful and prejudicial evidence offered by plaintiff. Since the first and fourth points concern evidence, they will be considered together.

The evidence for plaintiff was that Williams was the Chief of Police or Village Marshal of the Village of Royalton, that this was a full-time job, that he was on call at all times, that it was his duty to keep the peace and make arrests when proper, that part of his duty was to police the taverns, going from one to the other,

to maintain order. That on the morning of the day in question, he entered a certain tavern where the plaintiff and a friend named Joe Curto were peaceably standing at the bar, that Joe Curto asked the officer a civil question, that the officer then stepped back, drew his revolver and fired a bullet which struck the left leg of plaintiff above the ankle and proceeded down along the tibia through the ankle joint, causing severe injuries and a permanent handicap.

Officer Williams testified that his purpose in entering the tavern was to deliver to the bartender· some tickets for the Police and Firemen's Ball. He was somewhat evasive on other questions, but admitted that he had been called at his home that morning and informed there were some drunks in town, that he went up town and entered the tavern looking in a general way for drunks. He admitted taking the revolver from his pocket and that it fired a bullet into plaintiff's foot, but claimed this was accidental, and denied any intent to fire the gun. Other evidence indicated this statement was false, but we do not here review it, since no point has been made as to the sufficiency of the case in this respect.

Plaintiff's proof indicates this officer was engaged in the performance of his official duties at the time of the shooting. It was his duty to patrol and police his beat, and this he was doing. Of course the shooting was wrongful and illegal, but his surety cannot escape liability on that ground. An officer is not liable for injuries he may cause in the course of properly and faithfully performing his duties according to law, and therefore, his surety would never be liable in such case, for it is not liable unless the principal is. The only purpose in having a bond, and the only time there is any liability thereon, is in case the officer acts wrongfully instead of faithfully in the performance of his duty. The official bond is required as indemnity

against the use of an official position for wrongful acts done under color of office. *Greenberg v. People,* 225 Ill. 174; *Campbell v. People,* 154 Ill. 595; 43 Am. Jur. "Public Officers," § 418. Under the evidence the jury could properly find that Williams was acting under color of office.

Over the objection of the defense, the court admitted evidence of a similar incident involving the same officer and one of the same parties at the bar, namely Joe Curto, which had occurred about a month previously. On that occasion, it was testified, this officer had likewise drawn his gun and fired at the feet of an unoffending citizen, Joe Curto, with the announced intention "to make him dance." Apparently no one was injured on that occasion.

It is not proper to prove a person guilty of one wrongful act by evidence of another such act, and such evidence is not admissible for that purpose. But an important distinction arises where the act itself is admitted, but defended on the ground of accident, intent being denied. The distinction is fully explained with collected cases in Wigmore, Evidence § 302. See also, Restatement's "Model Code of Evidence," § 311. The principle is that any man might accidentally shoot at another person once, but if the same individual, within a relatively short time, has done the same thing (especially where at least one of the same individuals is in the line of fire) the odds against it being a mere accident are so tremendous, that the evidence is logically received as tending to disprove that the act was accidental, and as tending to establish intent. This is the law of Illinois. *People v. Popescue,* 345 Ill. 142, 157; *People v. Heffernan,* 312 Ill. 66, 71. In the case before us, it was not error to admit this evidence.

The verdicts returned by the jury were defective in form, but it does not necessarily follow that they were void. Technical accuracy is not required,

nor the strictness that is used in construing pleadings. Upon receiving a verdict in irregular form, it is proper for the court to consider the entire record, and to endeavor· to construe the intent of the jury, having in mind what was before them. 53 Am. Jur. 758, §§ 1094–1098. *Western Springs Park Dist. v. Lawrence,* 343 Ill. 302; *Malott v. Howell,* 111 Ill. App. 233. Of course, the court cannot merely assert that which the jury ought to have intended; there must be a reasonable basis upon which to find what it did intend.

We have examined the record and find that no instruction was tendered and none given informing the jury that the liability of the surety was limited to $5,000. But the bond itself was introduced in evidence and read to the jury, so they were informed of that fact, and we deem it fairly apparent that the jury had this limit in mind, and considered it necessary to show, in some way, that they did not intend by their verdict to exceed this limit, as to appellant.

We find that no instruction was tendered, and none given, to explain to the jury what they were to do, if they found plaintiff's damages exceeded $5,000. It is obvious they did find plaintiff's damages exceeded that amount. The fact is, neither side tendered any instruction on forms of verdict whatever; the court prepared the instruction and forms. We cannot approve them; for example, it would be improper to return a verdict against the surety alone and find the principal not guilty. But the court exhibited the instruction and forms to counsel, no objection was made and no exception preserved. And perforce there is no assignment of error thereon.

Appellant relies chiefly upon the case of *Roadruck v. Schultz,* 333 Ill. App. 476. In that case there were two plaintiffs but the jury returned a verdict in favor of one only and then separated. The other form of verdict had been returned in blank. The evidence, and the

findings necessarily reached by the jury, would justify a verdict for the other plaintiff for $1,350 and the court so entered it. This was reversed, since the court could not invade the province of the jury and make up a verdict where none at all had been returned. The decision does not, in our opinion, apply to the situation before us. The other authority relied upon by appellant is *Chicago & E. I. R. Co. v. Finnan,* 84 Ill. App. 383, which holds that where an ambiguous verdict mentions two amounts, the lesser must be taken as the one intended.

Appellant has no possible basis to argue that no verdict was returned against it. In fact there were two, one for $5,750 and one for $5,000. If it is true that this is ambiguous, and the lesser amount prevails, that is precisely the result reached by the trial judge. Actually, if a little thought be given to the jury's problem, it will become apparent that the construction of their intent reached by the trial court is correct. They found damages exceeded the limit of the bond, but realized appellant could not be held liable for the full amount. With the forms given them by consent of all parties, how could they show their finding? Thus considered, it appears they filled out the joint form to show the total damages, the form against appellant alone to show the limit of its liability, and the third form for the difference, to show that the officer was still personally liable for that difference. We hold the verdicts, under the circumstances, were sufficient to indicate the intent of the jury, and that the trial court correctly interpreted that intent.

As to appellant's other point, that the case was erroneously tried upon the theory that the defendants were joint tortfeasors, we find nothing whatever to support such a claim. Neither in the complaint nor in the evidence was any charge of tort directed at appellant, jointly or otherwise. The complaint consists

of three counts charging the officer with a tort, and alleges as to appellant that it is the surety on the officer's bond. This allegation was denied in appellant's answer, but when the bond was introduced, the plaintiff sustained his burden of proof on this issue.

Finding no merit in any of the assignments of error argued on this appeal, the judgment is affirmed.

*Judgment affirmed.*

CULBERTSON, P. J., and BARDENS, J., concur.