**Everett Wills, Plaintiff-Appellant, v. Albert Paul, Defendant-Appellee.**

**Gen. No. 10,266.**

Third District.
February 18, 1960.
Released for publication March 7, 1960.

Paul C. Verticchio and Alvin G. Whitehouse, of Gillespie, for plaintiff-appellant.

Rinaker, Hebron, and O'Connell, of Carlinville, for defendant-appellee.

JUDGE CARROLL delivered the opinion of the court.

This is an action for damages resulting from personal injuries sustained by plaintiff while working as a farmhand for the defendant.

In the complaint it is alleged that on December 15, 1955, plaintiff, at the request of and as an employee of the defendant, was operating a corn picker; that while plaintiff was removing a corn stalk which had become lodged in said corn picker his right hand was injured; that said injury was due solely to the negligence of defendant in that he directed and ordered plaintiff to operate a corn picker which he knew had a defective gear and because of said defective gear the corn stalk became lodged in the corn picker; that as the proximate result of defendant's negligence plaintiff sustained serious and permanent injuries; and that at the time of the occurrence plaintiff was in the exercise of due care for his own safety. Defendant's answer consisted of a general denial of the complaint allegations. A trial by jury resulted in a verdict for plaintiff assessing his damages at $10,000. The trial court allowed defendant's post-trial motion and entered judgment notwithstanding the verdict in his favor from which plaintiff appealed.

There is no substantial conflict in the evidence, which discloses that at the time of his injury plaintiff was 44 years of age; that he had worked as a farm laborer all his life; that he had worked for defendant for about 12 years and was well acquainted with the operation of farm machinery including corn pickers; that while the program of farm operation was prescribed by defendant, the crops were planted and harvested by the plaintiff; that plaintiff also looked after the farm machinery and if it needed repair he reported such fact to the defendant; that the corn picker in which plaintiff was injured was a used machine purchased in 1954; that it was equipped with a power take-off device which enables the operator to stop the picker by shutting off all power from

the tractor; that although requiring repairs on numerous occasions, it was used by plaintiff to pick all but 2½ acres of the 1955 corn crop of about 55 acres; and that a new gear for the machine had been ordered but had not arrived at the time of the accident.

Plaintiff testified that he was the only one who operated the picker in 1955; that about December 12 of that year, he told defendant that there was a part on the picker which was wearing pretty badly; that defendant said: "If we could have the shaft fixed and make it do," he would like to finish up the corn picking; that at the time of the accident he was operating the picker in the field; that he noticed that a brace on the gear box was "knocking around" and making a noise; that he shut off the power and went back and looked at it but could not detect what was going on without putting the power take-off on and letting the machine idle; that after putting the power take-off on and with the picker running, he watched for awhile and noticed that one of the shafts was cutting the brass fitting around the gear box; that a corn stalk coming through the machine blocked his view; that he pulled off his glove and tried to knock the stalk out of his way; and that as he did so his hand became caught in the rollers of the machine. Plaintiff further testified that previous to the accident he had operated corn pickers with power take-off and that before removing the corn stalk the proper thing to do would be to shut off the power.

■ The sole question presented by this appeal is whether the trial court erred in sustaining the defendant's motion for judgment notwithstanding the verdict. A motion for judgment notwithstanding the verdict preserves for review a question of law as to whether when all the evidence is considered together with all reasonable inferences legitimately arising therefrom in its aspect most favorable to the plaintiff, there is a total failure of evidence to prove an essen-

tial element of plaintiff's case. Heideman v. Kelsey, 414 Ill. 453; Hughes v. Bandy, 404 Ill. 74; LeMay v. Jenkins, 6 Ill.App.2d 57.

■ In passing upon such motion, the trial court is governed by the same rule as that applicable to motions for a directed verdict and may not weigh the evidence or determine where its preponderance lies but is concerned only with determining whether there is any evidence fairly tending to prove the cause of action alleged.

■ Plaintiff is correct in asserting that the issues of negligence and due care are ordinarily questions of fact for the jury. However, if upon the undisputed facts, reasonable men exercising fair and honest judgment would be compelled to conclude that such facts failed to establish due care on the part of plaintiff or negligence on the part of the defendant, then these issues become questions of law. Lasko v. Meier, 394 Ill. 71; Sims v. Chicago Transit Authority, 4 Ill.2d 60.

The negligence charged to defendant is that he directed and ordered plaintiff to operate a corn picker which defendant knew to have a defective gear. With respect to such alleged negligence, the undisputed facts are that plaintiff was an experienced farmhand and well aware of the danger involved in operating a corn picker; that he operated all the farm machinery and kept same in repair; that any knowledge which defendant may have had of a defective gear in the corn picker was obtained from plaintiff; that the gear was not defective when plaintiff commenced operating the picker on the day of the accident; and such fact appears from plaintiff's own testimony which was that he had been operating the picker for some time prior to the accident and stopped the machine only to find out what was making a certain noise which he had heard; that the alleged defective gear did not cause a corn stalk to become lodged in the picker, since plaintiff testified that "a stalk came through and I

421

pulled my glove off, knocked them out of the way and I was caught before I knew it."; and that defendant did not direct and order plaintiff to operate the picker on the day of the accident but stated only that if the machine could be repaired he would like to finish the corn picking.

■ Plaintiff knew or should have known that a corn picker whether defective or in perfect operating condition, is a dangerous instrumentality. Likewise as an experienced operator of such machine, he knew that his hand, if placed in proximity to the revolving parts thereof, was likely to be drawn into the machine. Defendant breached no duty in failing to warn plaintiff of these matters concerning which the latter had full knowledge. There is no proof that a defective gear increased the machine's potentially dangerous character; but even though such were the facts, the plaintiff's knowledge thereof was superior to that possessed by defendant. We are convinced that the charges of defendant's negligence as laid in the complaint are not sustained by the evidence.

■ ■ In arguing that he was not guilty of contributory negligence as a matter of law, plaintiff relies principally on the testimony of Robert Brown, a defense witness, who on cross-examination, stated it was common practice for farm employees to remove a corn stalk while the picker was running. It is pointed out that since what plaintiff did was not an uncommon or unusual practice in farm operation, his action in striking the corn stalk was involuntary and the natural and probable act of a reasonable person. There is no merit in such argument. In determining whether the particular acts of a plaintiff constitute negligence, the test is not the frequency with which other men commit such acts but whether the plaintiff at the time of the occurrence, used that degree of care which an ordinarily careful person would have used for his own safety under like circumstances. In substance, the

evidence as to the actual occurrence is that although fully aware of the danger involved in proceeding to inspect the corn picker with the power take-off on, nevertheless with the power on and the machine running, plaintiff removed his glove and placed his hand where it became enmeshed in the machine's revolving rollers. We think all reasonable men would agree that these undisputed facts fail to establish due care on the part of plaintiff.

The proximate cause of plaintiff's injury as charged in the complaint was the negligence of defendant in ordering plaintiff to operate a corn picker which the defendant knew to be defective. To sustain such charge, plaintiff was required to prove that his injury was the natural and probable result of the action of defendant in directing plaintiff to operate the corn picker. All of the facts as to the actual occurrence were offered by plaintiff and accordingly are not in dispute. His testimony makes it clear that the alleged defective gear did not interfere with the operation of the picker nor did it create any additional hazard so far as plaintiff's safety was concerned. The chain of events culminating in plaintiff's injury began when he stopped the tractor and decided to investigate the cause of a noise which he had heard. He then started the picker by turning on the power. Up to this point the evidence fails to show that plaintiff was in any danger of being injured by the machine. However, the evidence does show that with full knowledge of the hazard involved, he then moved his hand to where it could be drawn into the machine's rollers. The evidence therefore affords no basis for contending that anything defendant did or failed to do was the proximate cause of plaintiff's injury. The undisputed facts warrant no conclusion other than that the independent and deliberate act of the plaintiff caused his injury.

423

█ The proof in this case effectively demonstrates that plaintiff was an experienced corn picker operator; that he was fully aware of the dangerous character of such a machine; that if a defective gear rendered it more dangerous, he also had full knowledge of such fact; and that knowing of the danger involved he continued to operate the picker without any complaint to his employer. The conversations between plaintiff and defendant concerning the picker related only to its state of repair with which plaintiff was thoroughly familiar. In such situation, plaintiff must be held to have assumed the risks incident to his employment. Stahl v. Dow, 332 Ill. App. 233; Stumpf v. Corn Products Mfg. Co., 155 Ill. App. 194.

For the reasons indicated, we are of the opinion that the trial court did not err in entering judgment for defendant notwithstanding the verdict of the jury.

Affirmed.

REYNOLDS, P. J. and ROETH, J., concur.