JONATHAN M. FRANCIS, Plaintiff-Appellee, *v.* LUTHER FRANCIS, Defendant-Appellant.

(No. 72-138; ⬛)

Third District—January 19, 1973.

*Rehearing denied February 9, 1973.*

Channing L. Pratt, of Monmouth, for appellant.

Harrison M. Kavensky, of Rock Island, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an action for damages resulting from personal injuries sustained by plaintiff while he was operating his own corn picker on defendant's

farm. The Circuit Court of Warren County, Illinois, without a jury, awarded judgment for plaintiff in the amount of $20,000.

Plaintiff and defendant are brothers who farmed several miles from each other. The accident happened on October 10, 1962 while plaintiff was picking corn using his own tractor and mounted picker. The brothers traded labor and the use of their machinery. Each brother wholly owned his own equipment and usually operated it.

On Oct. 9 and 10, 1962, after plaintiff's corn crop had been harvested, they began to harvest defendant's corn. Defendant owned no corn picking equipment. On Oct. 9, plaintiff did not make himself available to work, so consistent with their practice, defendant operated plaintiff's tractor and picker that day. During the last round of picking defendant noticed a slight creeping in the picking rolls when the tractor clutch was disengaged. He completed the round and came in.

The next day plaintiff arrived about 7:00 o'clock A.M. and proceeded to pick corn all day. Defendant at no time mentioned the slight creeping he had encountered the previous day, in fact the brother hardly communicated, except at lunch, until late afternoon when defendant said, "Let's make this our last load".

Plaintiff was 50 years old, had been a farmer for 38 years and had corn pickers since 1935 or 1936. The accident happened about 5:00 o'clock P.M. He had had no trouble with the picker all day until the last load when he smelled something like a hot bearing. He stopped the tractor, pushed in the foot pedal to disengage the power take off but *left the tractor engine running*. He inspected but was unable to locate the source of the odor. Then, despite the various warnings on the picker itself, the warnings in the instruction manual which he acknowledged having read, and a warning on the outside of the compartment door itself, he opened the door to the compartment enclosing the husking rolls on the right side. A further warning is on flaps inside the compartment. Despite these warnings he reached in to feel the rolls. Finding nothing on the right side he proceeded to open the door of the enclosed compartment on the left side. Again, there was a warning on the outside door and another warning inside the compartment but he put his left hand onto the rolls which pulled his gloved hand into them to his detriment. In addition to the previous mentioned warnings defendant was familiar with warning signs in the John Deere store.

Defendant, in this appeal, has raised several issues but only one need be considered since the undisputed facts show the plaintiff to be guilty of contributory negligence as a matter of law.

A person who, by his own acts, subjects himself unnecessarily to danger violates the duty imposed on all men to use ordinary care for their own

safety, and thus is guilty of contributory negligence. The law imposes upon a person, *sui juris*, the obligation to use ordinary care for his own protection, the degree of which is commensurate with the dangers that are to be avoided; and one who voluntarily and unnecessarily assumes a position of danger the hazards of which he understands and appreciates or of which he should be aware, cannot recover for an injury from a risk incident to the position in which he has placed himself. (57 Am. Jur. Negligence, Sec. 319.) Here we have a voluntary and unnecessary exposure to a dangerous instrumentality or condition, the peril of which should have been appreciated by the plaintiff. In substance, the evidence as to the actual occurrence is that although fully aware of the danger involved in proceeding to inspect the corn picker with the tractor runing, plaintiff placed his hand where it became enmeshed in the revolving rolls. With full knowledge of the hazard involved, he moved his hand to where it could be drawn into the machine's rollers.

In *Wills v. Paul*, 24 Ill.App.2d 417, the court stated, "Plaintiff knew or should have known that a corn picker whether defective or in perfect operating condition, is a dangerous instrumentality. Likewise, as an experienced operator of such machine, he knew that his hand, if placed in proximity to the revolving parts thereof, was likely to be drawn into the machine".

We are of the opinion that the trial court erred in entering judgment for plaintiff.

Reversed.

STOUDER, P. J., and ALLOY, J., concur.