**Herman R. MOORE and Sharron Moore, Appellants,**

v.

**FEDERAL PACIFIC ELECTRIC COMPANY, a New Jersey Corporation; Universal Electric Company, Inc.; and Hilton Inn of West Lafayette, Appellees.**

No. 3–378A67.

Court of Appeals of Indiana, Fourth District.

April 15, 1980.

Rehearing Denied May 9, 1980.

---

Robert O. Williams, Covington, Alfred V. Ringer, Williamsport, for appellants.

Russell H. Hart, Lafayette, James E. McCabe, Williamsport, for Federal Pac. Elec. and Universal Elec.

Stephen R. Pennell, Stuart, Branigin, Ricks & Schilling, for Federal Pac. Elec.

Richard L. Russell, Kokomo, for Hilton Inn.

MILLER, Presiding Judge.

Plaintiffs-Appellants, Herman R. Moore and his wife, Sharron, appeal from the entry of a summary judgment in favor of Defendants-Appellees Federal Pacific Electric Company, Universal Electric Company, Inc. and Hilton Inn of West Lafayette (Defendants). Moore, an electrician, brought suit alleging he was injured at the Hilton construction site, while attempting to tighten a bolt holding an insulation plate located on an electrical switchgear manufactured by Pacific and distributed by Universal. His complaint is essentially based on theories of breach of express and implied warranties, negligence, and strict liability in tort.[1] The trial court granted the Defendants summary judgment based upon a finding that Moore was contributorily negligent

---

1. Sharron Moore's complaint claimed loss of services of her husband.

and had incurred the risk as a matter of law. We reverse.

The trial judge based his decision on the fact that Moore, an experienced electrician, as a matter of law "was contributorily negligent and because of his knowledge and expertise in dealing with the type product herein he voluntarily incurred the risks in this case when opportunity was available for him to reduce or prevent any risk to himself". It appears from the record the judgment of the trial court was based primarily on Moore's deposition wherein he acknowledged that he knew the equipment was energized at 480 volts and the short circuit that injured him would not have occurred had he shut off the gear, used a blanket, used an insulated shank screwdriver, or taped the screwdriver. Defendants claim in their briefs that summary judgment was proper because Moore, by placing his screwdriver inside the switchgear while he knew it was energized at 480 volts and the possibility existed that he might be injured, failed to exercise due care and thus was contributorily negligent and incurred the risk both as a matter of law. Moore claims the summary judgment was incorrect because, although he knew the equipment was energized, (1) his screwdriver would not have come in contact with the energized portion if the switch was not defectively designed,[2] (2) prudent electricians customarily work on the exterior of properly designed switchgears while they are energized and (3) he had never worked on a bolt-on type switchgear prior to the occasion of the accident.

A summary judgment should not be granted unless the moving party demonstrates that there is no genuine issue of any material fact. *Randolph v. Wolff*, (1978) Ind.App., 374 N.E.2d 533. Inferences, evidence and pleadings must be viewed in the light most favorable to the opponent of the motion. *Randolph v. Wolff, supra; Wozniczka v. McKean*, (1969) 144 Ind.App. 471, 247 N.E.2d 215. Moreover a summary judgment is also improper in cases where the facts are undisputed, but the inferences to be drawn from them are disputed, *Randolph v. Wolff; supra; Tapp v. Haskins*, (1974) 160 Ind.App. 117, 310 N.E.2d 288.

*Incurred Risk*

Incurred Risk is generally a question of fact for the jury *Kroger Co. v. Haun*, (1978) Ind.App., 379 N.E.2d 1004; *Petroski v. Northern Indiana Public Service Co.*, (1976) Ind.App., 354 N.E.2d 736. The plaintiff's voluntary incurrence of a known risk defeats his negligence claim, *Kroger Co. v. Haun, supra.*

The defense of incurred risk under Restatement (Second) of Torts § 402A (1962) (strict liability) was defined by this Ccourt in *Bemis Co. v. Rubush*, (1980) Ind.App., 401 N.E.2d 48, 61, when it quoted *comment n* to 402A as follows:

If the user . . . discovers the defect and is aware of the danger, and nevertheless proceeds unreasonably to make use of the product and is injured by it, he is barred from recovery.

Here, incurred risk as a defense to all of Moore's theories of recovery[3] could have been found as a matter of law only if the evidence was without conflict and the sole inference that could have been drawn therefrom was that Moore had actual knowledge of the danger or defect caused by the Defendants and that he understood and appreciated the risk. *See Meadowlark Farms, Inc. v. Warken*, (1978) Ind.App., 376 N.E.2d 122.

*Contributory Negligence*

Contributory negligence, which is a defense only to Moore's negligence theory,[4] is also generally a question for the jury

---

2. Moore, in replying to Defendants' interrogatories, declined to specify the nature of the defect or defects in Defendants' bolt-on product until discovery was completed. It was not completed when summary judgment was entered.

3. Incurred Risk is an established defense to the breach of warranty theories, *Gregory v. White Truck & Equipment Co.*,(1975) 163 Ind.App. 240, 323 N.E.2d 280.

4. *Gregory v. White Truck & Equipment Co., supra.*

when the facts are subject to more than one reasonable inference, *Kroger Co. v. Haun, supra; Petroski v. Northern Indiana Public Service Co., supra.* Contributory negligence is "the failure of a person to exercise for his own safety that degree of care and caution which an ordinary reasonable and prudent person in a similar situation would exercise," *Memorial Hospital of South Bend, Inc. v. Scott,* (1973) 261 Ind. 27, 300 N.E.2d 50, 57. (citing *Isenberg v. Ortona Park Recreational Center, Inc.,* (1964) Fla. App. 160 So.2d 132). *See: Kroger v. Haun, supra; Petroski v. Northern Indiana Public Service Co., supra.* In *Stallings v. Dick,* (1965) 139 Ind.App. 118, 124–25, 210 N.E.2d 82, 86, this Court stated:

> The Supreme and Appellate Courts have many times recognized the test for "negligence as a matter of law" to be that negligence which is so clear and palpable that no verdict could make it otherwise. *Town of Albion v. Hetrick,* (1883) 90 Ind. 545, 547; *New York, etc. R. Co. v. Hamlin,* (1908) 170 Ind. 20, 39, 83 N.E. 343; *Town of New Castle v. Grubbs,* (1908) 171 Ind. 482, 496, 86 N.E. 757; *Jenney Electric Mfg. Co. v. Flannery,* [53 Ind.App. 397, 98 N.E. 424], *supra.*

> In applying this test both the Supreme and Appellate Courts have adopted the rule that the voluntary conduct of one exposing himself to dangers which are so obvious, imminent and glaring that no reasonable man exercising due care for his safety would have hazarded them is negligence as a matter of law. *Chicago, etc., R. Co. v. Gallion, etc.; R. Co. v. Hamlin, supra; Brazil Block Coal Company v. Hoodlet,* (1891) 129 Ind. 327, 27 N.E. 741.

Contributory negligence became a question of law to be decided by the trial court in this case only if no reasonable man could have acted as Moore did under the circumstances. *See Meadowlark Farms, Inc. v. Warken, supra;* *Coleman v. Moss,* (1969) 144 Ind.App. 408, 246 N.E.2d 483. However, "[b]ecause an activity or conduct is dangerous does not as a matter of law legally result in the conclusion that such conduct or activity was negligent". *Meadowlark Farms, Inc. v. Warken, supra,* 376 N.E.2d at 131 (citing *Rouch v. Bisig,* (1970) 147 Ind.App. 142, 258 N.E.2d 883).

*Conclusion*

An examination of Moore's deposed testimony discloses that prior to the accident complained of Moore had never worked on a switchgear of the bolt-on type [5] and that *electricians normally work on such panels when they are energized because they are not "hot".* (Moore's deposition, Q. and A. 101). Moore stated the accident occurred while he was reattaching a bolt on an insulating cover in the switchgear. Because of the alleged defect in the gear, Moore claimed his screwdriver touched a "hot" portion of the equipment and he received an electrical shock. At this point, it is unclear which portion of the equipment his screwdriver contacted [6] or whether the contact was with a part of the equipment which should not have been "hot" but for the alleged defect.[7]

Defendants have directed our attention to *inter alia Cornette v. Searjeant Metal Products, Inc.,* (1970) Ind.App., 258 N.E.2d 652; *Wills v. Paul,* (1960) 24 Ill.App.2d 417, 164 N.E.2d 631; and *Carroll v. Ely,* (1980) Ind.App., 398 N.E.2d 1364; all cases where the trial court's finding of contributory negligence as a matter of law and/or in-

---

**5.** He testified he was, however, experienced in installing the more common type of plug-in switchgear.

**6.** An inference could be drawn from the deposition that the screwdriver contacted a "Buss bar" located behind the bolt. However, Moore testified he did not know what was behind the bolt and did not know how it was attached to the "Buss bar". (Moore's deposition, Q. and A. 245, 246)

**7.** Q. Do you actually remember where your screwdriver was when you last saw it?
A. No.
(Moore's deposition, Q. and A. 452.)
Q. Do you know what it actually touched?
A. Not for sure, no.
(Moore's deposition, Q. and A. 453.)

curred risk as a matter of law were affirmed on appeal. In *Cornette v. Searjeant Metal Products, Inc., supra,* the trial court directed a verdict for the defendant because the plaintiff, who was injured when the punch press she was operating "double-tripped", *was aware of the defect* having observed the machine double-trip on previous occasions. The court concluded, essentially, that by continuing to use the defective machine, knowing it was defective, she incurred the risk. In *Wills v. Paul, supra,* Wills, an experienced corn picker, *was admittedly aware of a defective gear* in his corn picking machine. Moreover, even after the jury returned the verdict, it was unclear that the defect increased the dangerous potentiality of the already dangerous instrumentality. The Court, in affirming the trial court's entry of judgment notwithstanding the verdict, decided Wills was fully aware the machine was dangerous and by placing his ungloved hand therein while it was in operation failed to exercise due care and was thus contributorily negligent. Further, the Court, determined Wills incurred the risk because he operated the corn picker knowing it was dangerous and knowing the defect of which he was aware rendered the machine more dangerous.

*Carroll v. Ely, supra,* involved a wrongful death action in which the deceased, at nighttime, ran from behind a parked or slowly moving car directly into the roadway and was struck by Ely's car. This Court held that the deceased's act of dashing into the street under the circumstances constituted a voluntary exposure to a clear and obvious danger, citing *Stallings v. Dick, supra,* thus establishing contributory negligence as a matter of law.

██ We believe the facts before us distinguish this case from those cited by Defendants. First, with regard to the application of the doctrine of incurred risk, we note that, although Moore knew the switchgear was bolt-on rather than plug-in, he denied awareness either of a defect in the switchgear or of a hazard created by such defect which would have rendered dangerous his application of a screwdriver to the equipment. Nor can we find there is no genuine issue remaining with respect to whether Moore acted unreasonably, 402A, *comment n, supra,* in view of his testimony, as noted earlier, that electricians normally work on such panels when they are energized because they are not "hot". The trial court was incorrect in finding Moore incurred the risk as a matter of law.

██ Similarly, on the question of contributory negligence,[8] the evidence does not reveal the danger to Moore was "so obvious, imminent and glaring that no reasonable man exercising due care for his safety would have hazarded them", *Stallings v. Dick, supra,* so as to entitle the trial court to find contributory negligence as a matter of law.

The judgment of the trial court is reversed.

YOUNG and CHIPMAN, JJ., concur.

---

**8.** We recognize the proposition advanced by Defendants the mere conformity to custom in the trade does not conclusively eliminate contributory negligence as a matter of law. *Wills v. Paul, supra*; *Square Deal Machine Co. v.*

*Garrett Corp.,* (1954) 128 Cal.App.2d 286, 275 P.2d 46. We simply hold here that the testimony of Moore was not adequate to establish a danger so obvious as to render his actions negligent as a matter of law.