Mary Ann DIBORTOLO, Appellant (Plaintiff Below),

v.

**METROPOLITAN SCHOOL DISTRICT OF WASHINGTON TOWNSHIP,** Appellee (Defendant Below).

No. 2–781A229.

Court of Appeals of Indiana, Second District.

Oct. 7, 1982.

Mark C. Ladendorf, Mitchell, Yosha & Hurst, Indianapolis, for appellant.

Joseph M. Dietz, Rocap, Rocap, Reese & Young, Indianapolis, for appellee.

SULLIVAN, Judge.

Plaintiff, Mary Ann Dibortolo, brought a negligence suit against defendant, Metropolitan School District of Washington Township, for injuries which she sustained during a physical education class taught by the school's physical education teacher. At the conclusion of the plaintiff's case, and upon defendant's motion, the trial court entered judgment on the evidence pursuant to Ind.Rules of Procedure, Trial Rule 50(A)(1). Plaintiff appeals.

We reverse.

In reviewing the trial court's action, we adhere to the standard that judgment on the evidence is proper only where there is a lack of evidence of probative value upon one or more of the factual issues necessary to support a verdict, and no reasonable inference in favor of the plaintiff can be drawn from this evidence. *Miller v. Griesel* (1974) 261 Ind. 604, 308 N.E.2d 701, 707; *Walters v. Kellam & Foley* (2d Dist. 1977) 172 Ind.App. 207, 360 N.E.2d 199, 205. The evidence must be viewed in the light most favorable to the non-moving party, and if there is any evidence of probative value or reasonable inference therefrom which supports the plaintiff's claim, or if the evidence conflicts such that reasonable minds might draw differing conclusions, judgment on the evidence is inappropriate. Only where the evidence is without conflict and susceptible to one inference in favor of the moving party should judgment on the evidence be rendered. *P–M Gas & Wash Co., Inc. v. Smith* (2d Dist. 1978) Ind.App., 383 N.E.2d 357, 359; *Mamula v. Ford Motor Co.* (1971) 150 Ind.App. 179, 275 N.E.2d 849, 852.

It is in accordance with this standard that we examine the evidence. On March 15, 1977, Mary Ann Dibortolo was 11 years of age and a 6th grade student at John Strange Elementary School. On that day, she broke a permanent front tooth during a regularly-scheduled physical education class taught by the school's instructor, Mrs. Dorothy Merriman. Approximately half the class of about 25–30 students including the plaintiff were required to perform an exercise known as the vertical jump.

According to plaintiff's expert witness, Joanne Gassert, the safe and proper way to perform this exercise is to first *stand* with the body parallel and the shoulders perpendicular to the wall, and with an arm upraised, to crouch momentarily, then to jump and reach the highest possible point on the wall. Throughout her 24 years' experience as a physical education teacher, she has never permitted her students to run toward the wall in performing the vertical jump. It was her opinion that to instruct students to run or to even take a "leap step" toward the wall is to subject them to an unreasonable risk of harm. Mrs. Gassert believed that to allow such activity is to transform this relatively safe exercise into an "inherently dangerous" one.

Mrs. Dorothy Merriman, a physical education teacher since 1955, testified that she did not consult any textbooks in preparation for this exercise; however, she considered "safety aspects." According to Mrs. Merriman, she demonstrated the exercise to the students before allowing them to perform it, she had not used a floor mat placed

perpendicularly to the wall, and she had not instructed the students to run toward the wall. She admitted, however, that they were taking 2 or 3 "quick steps" in the direction of the wall.

In conflict with her testimony was that of the plaintiff and three other witnesses. Stephanie Schneider, Jeff Sheets, and Stacey Occolowitz were in the same class with the plaintiff and were also participants in that day's activities. They performed the exercises ahead of the plaintiff and saw the plaintiff's mouth hit the concrete wall. They further testified that the plaintiff did not fall or stumble at any point before the impact. It was adduced that the plaintiff and these three students had never performed the vertical jump before that day, and that Mrs. Merriman neither demonstrated the exercise nor warned the class about any dangers associated with the exercise. The plaintiff introduced evidence which showed that Mrs. Merriman explicitly instructed her pupils to run toward the wall to improve their performance. The record reveals that the majority of the students first stood about 6–8 feet away and then ran toward the wall before executing the vertical jump. In addition, there was testimony that the students were running on a mat placed in a position perpendicular to the wall.

■ Before we can address the issue whether the plaintiff's evidence was sufficient to overcome a judgment on the evidence, we shall first delineate the elements of this tort and the pertinent questions of law which the trial court must decide as a prerequisite to submitting the case to the jury. Under Indiana law, negligence is comprised of three elements: (1) a duty on the part of defendant in relation to the plaintiff; (2) failure of the defendant to conform his conduct to the standard of care necessitated by the relationship; and (3) the injury which the plaintiff suffered as a result of this failure. *Miller v. Griesel, supra,* 308 N.E.2d at 706.

There are three questions of law regarding these elements which the court must decide before it may submit the case to the

jury. *Miller, supra.* The initial question is whether the law imposes a duty upon the defendant to conform his conduct to a certain standard for the plaintiff's benefit:

> "The duty to exercise care for the safety of another arises as a matter of law out of some relation existing between the parties, and it is the province of the court to determine whether such a relation gives rise to such duty." *Neal v. Home Builders* (1953) 232 Ind. 160, 111 N.E.2d 280, 285.

■ In this case, the relationship between the parties is one of pupil and defendant's school personnel. The relationship of school pupils and school authorities invokes the well-recognized duty in tort law that persons entrusted with children, or others whose characteristics make it likely that they may do somewhat unreasonable things, have a responsibility recognized by the common law to supervise their charges. *Norman v. Turkey Run Community School Corp.* (1980) Ind., 411 N.E.2d 614, 616. Thus, our Supreme Court has imposed a duty upon school authorities to exercise reasonable care and supervision for the safety of the children under their tutelage. *Miller v. Griesel, supra,* 308 N.E.2d at 706. Whether or not the trial court determined that such a duty existed here is not clearly discernible from the record. However, the prevailing authority compels the conclusion that Mrs. Merriman had a duty to conform her conduct as a physical education teacher to a certain standard, not only for plaintiff's, but also for the other pupils' benefit.

■ The second question within the trial court's purview concerns the applicable standard of care. Although our Supreme Court in *Miller v. Griesel, supra* noted that schools are not intended to be insurers of the safety of their pupils, nor are strictly liable for any injuries that may occur to them, the Court nonetheless held that the appropriate standard is whether a defendant exercised his duty with the level of care that an ordinary prudent person would under the same or similar circumstances. *Accord, Pierce v. Horvath* (1968) 142 Ind.App. 278, 233 N.E.2d 811, 815.

We turn next to the third question of law which asks whether the evidence introduced by the plaintiff was sufficient to permit the jury to find that the plaintiff has established the elements of the cause of action. *Norman v. Turkey Run Community School Corp., supra,* 411 N.E.2d at 617.

Because a judgment on the evidence effectively deprives the plaintiff of a jury decision, care should be taken in ascertaining whether the evidence supports a reasonable inference in her favor. *See Mamula v. Ford Motor Co., supra,* 275 N.E.2d at 852. The rule has been stated that unless there is a total absence of evidence or reasonable inference on at least one essential element of a plaintiff's case, a court should not enter judgment on the evidence for the defendant. *Mamula, supra,* 275 N.E.2d at 851. Viewing the evidence in the light most favorable to the plaintiff, there was sufficient evidence from which the jury could have reasonably inferred that the defendant's employee, Mrs. Merriman, was negligent in discharging her duty to exercise reasonable care for the safety of the students who were under her control by improperly instructing them to run toward the wall in executing the vertical jump, and thereby subjecting them to an unreasonable risk of harm.[1]

The plaintiff produced evidence which indicated that Mrs. Merriman did not demonstrate the exercise before she allowed the students to perform it. The plaintiff also introduced evidence that the students, including the plaintiff, were expressly instructed to run toward the wall if they wished to attain a higher score. Expert testimony was offered to show that the proper method for performing this exercise is to stand parallel to the wall, and that to permit, much more, instruct students to run toward the wall is to subject them to an unreasonable risk of injury. The jury may have given weight to this expert testimony and reached a rational inference that the

teacher's conduct exposed the students to an unreasonable risk. The fact that Mrs. Merriman denied having instructed the students to run during this exercise only demonstrates that the evidence was at least in a state of conflict such that reasonable minds might draw differing conclusions. To enter judgment on the evidence in the face of such conflicting evidence was improper.

Indeed, it is this rational inference of unreasonable risk, or dangerous condition, which distinguishes the case at bar from the *Norman v. Turkey Run Community School Corp., supra,* and *Driscol v. Delphi Community School Corp.* (2d Dist. 1972) 155 Ind. App. 56, 290 N.E.2d 769 line of cases upon which defendant relies. In *Driscol,* we were confronted with the issue whether the trial court properly entered judgment on the evidence against the plaintiff who suffered injuries as a result of colliding with another student while the plaintiff was running toward the dressing room after gym class was dismissed. In affirming the judgment, we expressed our doubt whether there is any *unreasonable* risk of injury involved in allowing circumstances which necessitate high school gymnasium students to run to their dressing room, whatever may be the reason for the necessity, so long as there are no unusual conditions (such as grease or water on the floor) present. *Driscol, supra,* 290 N.E.2d at 774. A similar factual situation was presented although viewed in the context of a summary judgment in *Norman v. Turkey Run Community School Corp., supra.* There a seven-year-old second grade student was injured while running in the school playground during recess. A collision with another student occurred. Both students were not looking where they were running at the time they collided. Concluding that running on the playground did not present a dangerous or unusual condition such as to impose a duty upon the school's teachers to notice a particular student who happened to be running, and to warn that student of the potential

---

1. We pass no judgment on whether Mrs. Merriman's conduct of instructing the students to perform the exercise in this manner constituted negligence. This is a question of fact more appropriately reserved for the jury. Thus, we limit our review of the evidence to the precise determination of whether there was sufficient evidence to warrant the jury's consideration.

dangers of such activity, our Supreme Court affirmed the trial court's entry of summary judgment.

In both *Driscol* and *Norman* the courts found no unreasonable risk or dangerous condition presented by the particular school activity or surroundings which would lead to a reasonable inference by the jury that the school authorities were negligent in exercising their supervisory or caretaking roles by failing to take proper action to alleviate the risk. Moreover, the courts were reluctant to impose an undue burden upon the teachers and school authorities to prevent all accidents that may arise from activities in which children normally and regularly engage at their own initiative, such as running in the playground. However, in the instant case, the evidence that Mrs. Merriman did not demonstrate the exercise, that she specifically directed the students to run during a structured physical education activity such as the vertical jump, when juxtaposed with the expert testimony that such an instruction is not only erroneous, but is also unsafe, would have entitled a jury to reasonably infer that the teacher's conduct exposed the students to an unreasonable risk.

■ Furthermore, there was sufficient evidence from which the jury could have justifiably concluded that Mrs. Merriman's instructions were the proximate cause of plaintiff's injury. A proximate cause of plaintiff's injury is one which sets in motion the chain of circumstances leading to the injury. *Johnson v. Bender* (3d Dist. 1977) 174 Ind.App. 638, 369 N.E.2d 936, 939. An essential element of proximate cause is considered to be the foreseeability of an injury. The negligence will be deemed to have been the proximate cause of the injury where the injury was one which, under the circumstances, should have been reasonably foreseen. *Koroniotis v. LaPorte Transit, Inc.* (3d Dist. 1979) Ind.App., 397 N.E.2d 656, 659. The record indicates that the plaintiff did not fall or stumble as she approached the wall. Nor was there evidence that an intervening event, such as another pupil tripping or obstructing the plaintiff's path,

occurred. Thus, the jury may well have found that the injury which the plaintiff incurred in colliding with the wall was a direct and foreseeable consequence of running toward the wall in compliance with the teacher's instruction.

The defendant contends that the judgment on the evidence was proper because the "plaintiff was contributorily negligent and/or incurred the risk of her injury as a matter of law." (Defendant's Brief at 19.) It is noted at the outset that the trial court did not conclude as a matter of law that the plaintiff was either contributorily negligent or had incurred the risk of her injury.

■ Incurred risk is generally a question of fact for the jury and may only be found as a matter of law if the evidence was without conflict and the sole inference that could have been drawn therefrom was that the plaintiff had actual knowledge of the danger caused by the defendant and that he understood and appreciated the risk. *Moore v. Federal Pacific Electric Co.* (4th Dist. 1980) Ind.App., 402 N.E.2d 1291, 1293. *See also Kroger Co. v. Haun* (2d Dist. 1978) Ind.App., 379 N.E.2d 1004. In light of the evidence here that the plaintiff had participated in the exercise as part of the physical education course, had never performed the vertical jump before the day of the injury, had no knowledge of the proper way to perform this exercise, and had no actual knowledge of the danger caused by defendant's alleged instructions, we cannot agree with defendant that the only inference that could have been derived from the evidence was that the plaintiff incurred the risk of her injury. In the absence of such a finding, the question of whether any incurred risk on the plaintiff's part excused the defendant from liability remains a question of fact for the jury.

Nor do we agree that the evidence here unequivocally leads to the conclusion that the plaintiff was contributorily negligent as a matter of law. The issue of contributory negligence generally involves a question of fact for the jury where the facts are susceptible to more than one reasonable inference. *Koroniotis v. LaPorte Transit, Inc., supra,*

397 N.E.2d at 660. The rule has long been adopted in Indiana that the standard of care applicable to a child engaged in the type of activity characteristically engaged in by children is that degree of care that would ordinarily be exercised by children of like age, knowledge, judgment and experience under similar circumstances. *Bixenman v. Hall* (1968) 251 Ind. 527, 242 N.E.2d 837, 839; *School City of Gary v. Claudio* (3d Dist. 1980) Ind.App., 413 N.E.2d 628, 633. For the trial court to have ruled that contributory negligence was present as a matter of law, the evidence would have had to overwhelmingly establish, and without grounds upon which reasonable men may disagree, that the child had the ability to realize and appreciate the danger, and that the conduct was below that of an ordinary child of like age, intelligence, and experience. *Hollowell v. Greenfield* (1966) 142 Ind.App. 344, 216 N.E.2d 537, 542. In the instant case, there was evidence that the plaintiff, who was eleven years old on the day of the accident, was to perform the exercise for the first time, as were some of her classmates, and was relying on the teacher's directions for guidance. Reasonable minds may differ as to whether the plaintiff had the ability to realize and appreciate the danger of an unfamiliar and improperly-taught exercise. Reasonable men may also draw divergent inferences from the evidence that the plaintiff had performed the exercise in a manner similar to that of the other students in the same grade, in accordance with the teacher's instructions. The evidence that she did not stumble, fall or engage in unusual behavior which deviated from the other students' behavior may also be construed by the jury as an absence of the plaintiff's contributory negligence. Thus, we cannot say as a matter of law that the plaintiff was either contributorily negligent or had incurred the risk of her injuries.

We find that there was sufficient evidence of probative value to support the plaintiff's claim, or conflicting evidence such as to lead reasonable minds to reach differing conclusions. Thus, we deem the trial court's entry of judgment on the evidence against the plaintiff to be erroneous, and we therefore reverse that judgment and remand for further proceedings.

BUCHANAN, C. J., and SHIELDS, J., concur.