SPESCO, INC., an Indiana corporation, et al., Plaintiffs-Appellees,

v.

GENERAL ELECTRIC COMPANY, a corporation, Defendant-Appellant.

Melvin NELSON, et al., Plaintiffs-Appellees,

v.

GENERAL ELECTRIC COMPANY, Defendant-Appellant.

FEDERAL INSURANCE COMPANY, Plaintiff-Appellee,

v.

GENERAL ELECTRIC COMPANY, Defendant-Appellant.

No. 83–1056.

United States Court of Appeals, Seventh Circuit.

Argued June 2, 1983.

Decided Sept. 23, 1983.

---

Bruce P. Clark, Frank J. Galvin, Jr., Galvin, Stalmack & Kirschner, Hammond, Ind., for defendant-appellant.

John P. McQuillan, Spangler, Jennings, Spangler & Dougherty, Merrillville, Ind., for plaintiffs-appellees.

Before BAUER, COFFEY, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.[*]

BAUER, Circuit Judge.

General Electric Co. (G.E.), the defendant below in this diversity action, appeals from a jury verdict in favor of Spesco, Inc., Marvin Nelson, American States Insurance Co., Federal Insurance Co., Audree Baker, and Chester Baker.[1] Our jurisdiction is based on 28 U.S.C. § 1291. For the reasons discussed below, we affirm.

## I.

The dispute underlying this appeal arose following a fire in the second floor loft at Spesco's building in Valparaiso, Indiana. The parties agree that the loft area was illuminated by eight foot strip fluorescent light fixtures. Each light fixture contained a ballast manufactured by G.E. A ballast is a transformer designed to start and power fluorescent lights. According to Spesco, the suspect ballast in the present case did not contain a thermal protector. Spesco defines a thermal protector as an internal safety device designed to disconnect a ballast in the event of overheating.

In the case before us, the parties dispute the origin of the fire. Spesco asserts that the fire resulted from a defect in the suspect ballast retrieved from the fire. Specifically, it is Spesco's position that the absence of a thermal protector in the G.E. ballast caused the ballast to overheat and subsequently ignite. G.E. maintains that the fire was set deliberately by a Spesco employee.

Spesco's experts offered substantial expert testimony at trial to support its theory of causation. These experts testified that a short circuit occurred in one of the coils inside the ballast. This short circuit created intense overheating. Each ballast is packed with a potting compound; the overheating in the coil caused the compound to liquify and vaporize. Next, the liquid compound was ejected through wire holes at the end of the ballast onto cardboard containers below in the loft. In response to Spesco's experts, G.E.'s own experts offered testimony that it was technically impossible for the fire to have originated according to Spesco's theory.

In a bifurcated trial, the jury resolved all liability issues in favor of the plaintiffs and against G.E. The jury awarded damages against G.E. in the following amounts: $239,743.05 to Federal Insurance Co.; $23,230 to Nelson; $1,245,482.03 to American States Insurance Co.; $600,000 to Chester and Audree Baker. G.E. appeals from the jury verdicts as to both liability and damages.

## II.

G.E. presents five issues for review. Initially, G.E. alleges that the jury verdict is against the weight of the evidence. Second, G.E. contends that the district court abused its discretion in admitting the trial testimony of Spesco's expert, Roy Martin, and in denying G.E.'s motion for a continu-

---

[*] The Honorable Anthony J. Celebrezze, Senior Judge of the United States Court of Appeals for the Sixth Circuit, is sitting by designation.

[1] Because this case involves several plaintiffs, the plaintiff group will be collectively referred to as Spesco.

ance to prepare a defense to Martin's testimony. Third, G.E. asserts that the jury was not properly instructed on the "adverse inference" rule, G.E.'s tendered jury instruction number 23. Fourth, G.E. urges that the district court abused its discretion by permitting Spesco to introduce rebuttal testimony that could have been offered in Spesco's case in chief. Finally, G.E. offers several challenges to the jury's calculation of damages for the destruction of Spesco's real property. We reject all of G.E.'s attacks on the judgment below.

### A. *Review of a Jury Verdict*

■ Under Indiana law,[2] the jury is the trier of fact and is vested with the responsibility of evaluating the evidence presented and assessing the credence of witnesses who testify. *State Highway Commission v. Jones,* 173 Ind.App. 243, 363 N.E.2d 1018 (1977). Because great deference is accorded to the jury's judgment in this circuit, it is well-settled that a jury verdict will not be set aside if a reasonable basis exists in the record to support that verdict. *Lenard v. Argento,* 699 F.2d 874 (7th Cir.1983). We are satisfied that a reasonable basis exists in the record here to support the jury verdict.

In the present case, G.E. asserts that there was insufficient evidence from which the jury could draw a reasonable inference that the suspect ballast caused the fire. G.E. maintains that Spesco failed to establish that there was a defect in the ballast's insulation and that this defect was the proximate cause of the fire. Moreover, G.E. urges that the district court erred by not granting its motion for a directed verdict.

The record clearly reveals that both parties offered expert testimony to the jury addressing whether the suspect G.E. ballast contained proper insulation. Spesco's expert testified that the suspect ballast and its companion ballasts retrieved from the fire did not contain insulating thermal protectors. In contradiction, G.E. proffered

evidence indicating that the ballasts at issue incorporated heat sensing devices.

■ As this court determined in *Lenard v. Argento, supra,* 699 F.2d at 882, questions involving the weight of the evidence are within the purview of the jury despite a clear conflict of testimony. Because such a conflict is present here, the jury was in the best position to determine that the G.E. ballast, purchased and used by Spesco, did not contain a thermal protector or heat sensing device. Accordingly, this court will not substitute its judgment for that of the jury.

G.E. also argues that Spesco failed to establish that the defect in insulation, if such a defect existed, was the proximate cause of the fire. In so arguing, G.E. asserts that Spesco's experts failed to refute G.E.'s own experts' testimony about the origin of the fire. Moreover, G.E. suggests that we reject Spesco's evidence about the origin of the fire as contrary to scientific principles under the "physical facts" rule. We disagree.

■ In Indiana, the physical facts rule holds that "where a court cannot say as a matter of law that the testimony of a witness is contrary to scientific principles, the law of nature or the physical facts, the question of whether such testimony does so conflict is a question for the jury to determine." *Connor v. Jones,* 115 Ind.App. 660, 59 N.E.2d 577, 581 (1945). *See also Zollman v. Symington Wayne Corp.,* 438 F.2d 28 (7th Cir.), *cert. denied,* 404 U.S. 827, 92 S.Ct. 59, 30 L.Ed.2d 55 (1971). In the case before this court, G.E. failed to establish that the testimony offered by Spesco's experts about the origin of the fire is factually or physically impossible. In our view, this case presents a typical example of opposing experts offering conflicting views to the jury about the laws of science as relevant to causation of the fire. It is within the province of the jury to determine which of two contradictory expert statements is deserv-

**2.** In this federal diversity action, the parties agree that the law of Indiana governs resolution of this appeal. *Erie Railroad Co. v. Tomp-* kins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

ing of credit. *Riggs v. Penn Central R. R. Co.,* 442 F.2d 105 (7th Cir.1971). Here, the jury properly rejected application of the physical facts rule and accepted Spesco's version about the proximate cause of the fire.

■ Finally, G.E. contends that the district court abused its discretion in denying G.E.'s motion for a directed verdict at the close of Spesco's case in chief and at the close of all of the evidence. This argument is without merit. Under Indiana law, our review of the denial of a motion for a directed verdict is very limited. *Dibortolo v. Metropolitan School District of Washington,* 440 N.E.2d 506, 509 (Ind.App.1982). Specifically, *Dibortolo* requires that:

> The evidence must be viewed in the light most favorable to the non-moving party and if there is any evidence of probative value or reasonable inference therefrom which supports the plaintiff's claim, or if the evidence conflicts such that reasonable minds might draw differing conclusions, judgment on the evidence is inappropriate. Only where the evidence is without conflict and susceptible to one inference in favor of the moving party should judgment on the evidence be rendered.

*Id.* at 508.

■ It is obvious from our examination of the record and briefs in this case that contradictory evidence was presented to the jury with respect to the origin of the fire. Spesco asserts that the fire resulted from a ballast that overheated. G.E. urges that the fire originated over sixty feet away from where the suspect ballast was retrieved. Because reasonable minds could easily differ in light of the conflicting expert testimony, judgment on the evidence would have been inappropriate in this case. The district court did not abuse its discretion by denying G.E.'s motion for a directed verdict.

### B. *Admission of Expert Testimony*

G.E. asserts that the district court erred by admitting into evidence Spesco's expert, Roy Martin's, testimony because Martin's theory of causation differed from the theory asserted by Spesco's other experts. G.E. maintains that Spesco's other experts disclosed in pretrial discovery that the fire's source of ignition was a defect in insulation inside the suspect ballast. According to G.E., approximately five days before trial, Martin, in his deposition, departed from G.E.'s other experts' pretrial contentions about Spesco's theory of causation and revealed an alternative source of ignition outside the G.E. ballast. To respond to what G.E. alleges was a "new" theory of causation, G.E. filed a motion for a continuance to prepare a defense to Martin's testimony. The district court denied G.E.'s motion. G.E. contends on appeal that this denial constituted an abuse of discretion by the district court. We reject G.E.'s contentions.

■ This court has consistently held that the district court has broad discretion to assess the admissibility of expert testimony. *Spray-Rite Service Corp. v. Monsanto Co.,* 684 F.2d 1226 (7th Cir.1982); *United States v. West,* 670 F.2d 675 (7th Cir.1982). Under the rule established in *Spray-Rite,* the district court's ruling on the admissibility of expert testimony will not be overturned in the absence of a clear showing of abuse of discretion. *Spray-Rite Service Corp. v. Monsanto Co., supra,* 684 F.2d at 1241. We are not persuaded by G.E.'s attacks on the substance of Martin's testimony. Instead, we adopt Spesco's view that Martin's testimony is cumulative by reinforcing the testimony proferred by Spesco's other experts. Our examination of the record reveals that all three experts provided a similar description about the origin of the fire. Specifically, all three described an initial short circuit in the coil inside the ballast. As a consequence of the short circuit, each expert testified that the asphaltic potting compound heated, liquified and partially vaporized. Next, each described pressure inside the ballast case that resulted in tar being sprayed through holes in the case into the fluorescent light fixture. The tar then ignited and dripped onto combustibles below in the loft at Spesco's warehouse.

G.E. also argues that the district court erred by denying its motion for a continuance to enable it to conduct the tests necessary to prepare an adequate defense to Roy Martin's theory of causation. G.E. estimated the requisite experimentation would require approximately six weeks. To justify the need for a continuance, G.E. alleges that Martin's deposition testimony suggests an alternative theory of causation of the fire not previously disclosed in pretrial discovery.

G.E. carries a heavy burden to establish on appeal that the district court abused its discretion by refusing to grant its motion for a continuance. *Washington v. Sherwin Real Estate, Inc.,* 694 F.2d 1081 (7th Cir.1982). G.E. has failed to meet this burden. As stated previously, Martin's testimony appears to be cumulative to Spesco's other experts. In addition, all three experts provided virtually identical descriptions about the origin of the fire. Under these circumstances, we fail to see an abuse of discretion by the district court.

### C. *Jury Instruction No. 23*

G.E. contends that the district court erred by rejecting its proferred jury instruction number 23 on the presumption of adverse evidence. Instruction number 23 provided:

> If a party fails to produce evidence which is under his control and reasonably available to him and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

According to G.E., Spesco failed to produce at trial items retrieved after the fire and under Spesco's control such as potting compound debris, melted copper wires, lead wires, and laminations. G.E. asserts that these items were essential for Spesco to establish that the suspect ballast was in a defective condition unreasonably dangerous.

Jury instructions are designed to clarify issues for the jury and to educate the jury about what factors are probative on those issues. *Vanskike v. ACF Industries, Inc.,* 665 F.2d 188 (8th Cir.1981), *cert.*

*denied,* 455 U.S. 1000, 102 S.Ct. 1632, 71 L.Ed.2d 867 (1982). An instruction is viewed as argumentative if it emphasizes the testimony of one witness while disregarding other relevant evidence. *Id.* at 202. The district court, in its discretion, may reject argumentative instructions. The district court in this case properly rejected tendered instruction number 23.

G.E.'s instruction, if read to the jury, would have suggested that Spesco failed to produce at trial relevant but harmful evidence under its exclusive control. This circuit requires a showing of an intentional act by the party in possession of the allegedly lost or destroyed evidence to support the tendered instruction. The district court correctly applied that rule in rejecting instruction number 23.

Initially, we point out that our examination of the record indicates that the jury's decision on liability has ample support from the evidence that was produced at trial. We view the items that G.E. alleges were not produced as irrelevant to the jury's findings on liability. In addition, G.E. failed to allege any intentional acts of misconduct by Spesco to conceal or destroy any relevant evidence. In the absence of such evidence, instruction number 23, if read to the jury, would have been unduly argumentative. Accordingly, the district court committed no error by refusing to read instruction number 23 to the jury.

### D. *Exclusion of Rebuttal Testimony*

G.E. argues that the district court abused its discretion by admitting into evidence at trial rebuttal testimony of two of Spesco's experts, Gordon and Armington. G.E. contends that Spesco's rebuttal testimony was cumulative to other experts and that such testimony would have been more appropriately disclosed during Spesco's case in chief. This contention is without merit.

At the outset, we point out that G.E. failed to advance any arguments to support this attack on the ruling of the district court. This factor, alone, justifies our outright rejection of G.E.'s argument. Moreover, it is well-settled that what con-

stitutes proper rebuttal testimony is a matter within the sound discretion of the trial judge. *Hickok v. G.D. Searle & Co.,* 496 F.2d 444 (10th Cir.1974). Absent a clear showing of abuse of discretion, a reviewing court will not disturb the judgment of the district court with respect to the presentation of rebuttal evidence. *Martin v. Weaver,* 666 F.2d 1013 (6th Cir.1981), *cert. denied,* 456 U.S. 962, 102 S.Ct. 2038, 72 L.Ed.2d 485 (1982). Because we find no abuse of discretion in the case before us, the district court's assessment of the rebuttal evidence will not be disturbed.

### E. Real Property Damages

Finally, G.E. alleges that the district court erred by failing to grant its motion for a partial directed verdict on the issue of real property damages. G.E. maintains that Spesco's appraisal expert miscalculated the fair market value of the land destroyed by the fire because he failed to include the value of the improvements on the land in his calculations. G.E. relies on *Sanborn Electric Co. v. Bloomington Athletic Club,* 433 N.E.2d 81 (Ind.App.1982), to support its calculation of real property damages. G.E. interprets *Sanborn* as holding that real estate, by definition, includes improvements. According to G.E., Spesco's appraisal expert, in calculating the fair market value of the land after the fire, failed to include amounts for the parking lot, the concrete foundation, and the concrete loading dock. These "improvements" remained intact after the fire. Spesco relies on *General Outdoor Advertising Co. v. LaSalle Realty Corp.,* 141 Ind.App. 247, 218 N.E.2d 141 (1966), as articulating the Indiana rule for calculating real property damages. We agree with Spesco.

■ Although G.E.'s reliance on *Sanborn* is not misplaced, the *Sanborn* court incorporates in its opinion the test for calculating real property damages espoused in *General Outdoor. General Outdoor* is more analogous to the case before us because in that decision the court was similarly confronted with the proper measure of damages following an action for tortious injury to real property. *Sanborn,* on the other hand, dealt with the calculation of damages following the breach of a construction contract. Therefore, under Indiana law, we conclude that the proper measure of damages is as follows:

> (1) if the injury is permanent, the measure of damages is the market value of the real estate before the injury, less the market value of the real estate after the injury; (2) if the injury to the real estate is not permanent, then the measure of damages is the cost of restoration.

*General Outdoor Advertising Co. v. LaSalle Realty Corp., supra,* 141 Ind.App. at 265, 218 N.E.2d at 150.

■ We find no error in Spesco's appraisal expert's calculation of damages. As we stated previously, acceptance or rejection of an expert's opinion is clearly within the province of the jury. *Riggs v. Penn Central R.R. Co.,* 442 F.2d 105 (7th Cir. 1971). The jury here properly accepted Spesco's expert's theory on the proper measure of damages. Under these circumstances, the district court did not abuse its discretion by refusing to grant G.E.'s motion for a partial directed verdict.

G.E.'s final contention is that the district court abused its discretion by denying G.E.'s motion for a new trial on grounds that the jury verdict is excessive as a matter of law. G.E. suggests that under the "maximum recovery rule" set forth in *Dimick v. Schiedt,* 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603 (1935), the jury verdict is greater than an amount justified by the evidence presented. We disagree.

■ In this circuit, a motion for a new trial is "addressed to the trial court's discretion, and on appeal the scope of review is limited to whether the trial court abused its discretion in ruling on the motion." *Young v. J.C. Penney Life Insurance Co.,* 701 F.2d 709, 713 (7th Cir.1983); *Hahn v. Becker,* 588 F.2d 768 (7th Cir.1979). In the present case, our review is therefore limited to whether the jury verdict was excessive as a matter of law thereby necessitating a new trial. Applying the maxi-

mum recovery rule as G.E. suggests, the jury verdict is plainly supported by the evidence. Both G.E. and Spesco's appraisal experts offered conflicting calculations to establish the value of the real estate destroyed by the fire. The jury alone is vested with the responsibility of resolving this conflict. Here, the verdict conforms with Spesco's estimates. Accordingly, the amount of the jury's award is not excessive. The district court's refusal to grant a new trial on this ground did not constitute an abuse of discretion.

### III.

We have reviewed all of G.E.'s challenges to the jury verdict. We find them all to be without merit. Accordingly, the judgment entered on the jury verdict in favor of Spesco is affirmed.

AFFIRMED.