**Elmer Kimes, Plaintiff-Appellant, v. Bertha Trapp, et al. (Mosey Yanello), Defendant-Appellee.**

**Gen. No. 64–4.**

Third District.

November 5, 1964.

Kevin D. Kelly, of LaSalle, and Marion J. Ramza, of Streator, for appellant.

Berry & O'Conor, of Streator, for appellee.

SCHEINEMAN, J.

The plaintiff, an assistant police chief, was called upon to eject from a tavern a disorderly inebriant. While so engaged, the officer slipped and fell, and the defendant, Mosey Yanello, jumped on him and brutally stomped him. The resulting injuries were severe and required extensive surgery. Plaintiff has been retired permanently from active duty, thus ending his salary of $5,932 per year, and he has had no employment since.

Plaintiff sued two dramshops under the Dramshop Act, also his assailant, charging a malicious and wanton assault, also the owners of the premises for negli-

gent maintenance. The ad damnum claimed from this defendant was $45,000. (Amended by leave of court to $60,000.)

The jury was instructed that, if either or both of the defendant dramshops were found liable, the total amount allowed against either or both may not exceed $15,000 and that damages could not be apportioned between them.

The jury was also instructed as to the elements of actual damages and was informed they could allow additional damages as punishment of Mosey Yanello under certain defined conditions. A special interrogatory in proper form inquired whether defendant Yanello wantonly and maliciously assaulted plaintiff, and was malice the gist of the action against this defendant.

The defendants tendered separate forms of verdict for each party. Plaintiff objected to separate verdicts because of the instruction limiting the recovery against dramshops to $15,000, which would be improper as to other defendants. The objection was overruled, and the separate forms of verdict were given. There has resulted some confusion which should not be chargeable to the plaintiff.

The jury returned separate verdicts for plaintiff against each defendant, as follows: $15,000 against each of the two dramshops, $12,500 against the owners of the premises under the negligence count, and $12,500 against defendant Yanello on the assault count. Judgments were promptly entered.

Thereafter the court allowed the post-trial motion of the owners of the premises. All other post-trial motions were overruled, including those filed by Mosey Yanello, and the judgments were allowed to stand. At that time (August 1, 1962) the court deemed it clear the jury intended to compensate plaintiff in excess of $15,000. And, because of the jury's affirma-

tive answer to the special interrogatory, the court included in the judgment a recital that the jury had found malice was the gist of the action.

■ It is the law that the jury's intention may be construed, not only from the actual verdict, but from consideration of the whole record that was before the jury, and the court will enter proper judgments thereon. Western Springs Park Dist. v. Lawrence, 343 Ill 302, 175 NE 579; Bencie v. Williams, 337 Ill App 414, 86 NE2d 258.

■ While the plaintiff's recovery was limited to $15,000 as to dramshops, this is not a limitation on total recovery against all tort feasors, and additional amounts could be allowed up to the amount claimed if supported by evidence. Slone v. Morton, 39 Ill App 2d 495, 188 NE2d 493.

From the facts in this case and the instructions, this court is of the opinion that the trial judge correctly interpreted the verdicts and that plaintiff was entitled to a judgment against Yanello for the additional damages which the jury may have found, including exemplary damages. Unfortunately, the trial judge some months later changed his mind in the following procedure:

The dramshops settled with plaintiff for $14,500 on covenants not to sue and dismissed their appeal. The other defendant, Yanello, paid nothing, so the plaintiff obtained a writ of attachment of the body against him in December, 1962.

Thereafter this defendant filed a motion to quash the writ and a motion to require the clerk to enter satisfaction of the judgment against him. This is on the theory that plaintiff had recovered more than the judgment against this defendant, and that enforcement of this judgment would permit double recovery for the same injury. The trial court allowed both motions.

The facts are that this trial occurred two and one-half years after plaintiff was injured. During this period he had surgery several times. He lost his position which had paid nearly $6,000 per year, he was disabled from further employment, and the medical testimony was that his disability was permanent. It is plainly apparent that $15,000 is not adequate compensation to the plaintiff, even if we do not consider his pain and suffering.

██ ██ We then consider in the light of this situation the instructions that were given the jury. They were not only instructed as to actual damages, but as we have noted, they were permitted to award additional damages as punishment. The defendant is in no position to complain about this instruction since no objection was offered to it at the conference on instructions. Likewise, there was no objection to the special interrogatory concerning wanton acts and malice, and which the jury answered in the affirmative. These are basic elements for allowance of exemplary damages. 15 ILP Damages, Section 132.

Moreover, this defendant had an instruction given which informed the jury of plaintiff's claims, including: "while the plaintiff was helpless, the defendant viciously and maliciously and with great force and violence jumped on the plaintiff thereby inflicting severe injuries on the plaintiff." Surely this is an indication to the jury that some punishment would be proper. The instruction also told the jury "The plaintiff further requests that the jury find that malice is the gist of this action."

These suggestions to the jury that some punishment would be proper surely must have had some effect. It does not appear reasonable to assume that the jury intended to award damages against the active wrongdoer in an amount less than awarded against the dramshops, unless this was intended to allow ad-

ditional compensation for actual or punitive damages, or both.

■ The answer to a special interrogatory controls the general verdict. The jury specially found that defendant had wantonly and maliciously assaulted the plaintiff, and that malice is the gist of the action. The intention to award some punitive damages is thus made apparent. If the jury did not intend to award any punitive damages, this special finding is of little worth.

Informing a jury by instruction of the statutory limits on recovery may create problems and confusion. The court might have made no mention of limits, but simply have given one form of verdict to allow total damages against all defendants which the jury found liable. If the resulting verdict had been more than the statutory limit, the court would simply limit the judgment against dramshops to the $15,000, and give judgments for the full amount against others.

■ This defendant now contends that no part of the verdict against him was for punitive damages. In the face of the facts and the instructions, this contention cannot be sustained.

It is not important how much of the verdict was for punitive damages and how much, if any, for actual damages. The jury was restricted to $15,000 as the maximum amount of actual damages they could award to plaintiff against dramshops. We think the court erred in assuming that the award against this defendant was for the same damages as were included in the dramshop verdicts. Of course, they were for the same injuries to some extent, but they were for the excess damages which could not be included in the other verdict. This is not double recovery.

■ The defense cites authority that exemplary damages can be awarded only when actual damages have been incurred. There is no possible basis in this

case upon which to claim actual damages were NOT incurred. They were incurred, and the jury so found. ■ As for the sufficiency of the complaint: Exemplary damages need not be specially pleaded. In other words, it is not necessary to claim exemplary damages by name if the facts alleged are such as to warrant their assessment. 15 Am Jur Damages, Section 326; Taneski v. St. Louis Merchants' Bridge Terminal Ry. Co., 230 Ill App 300.

The defendant was not entitled to have the judgment against him satisfied. And the trial judge should not now reverse himself and take away the final judgment he had awarded months before and which was meant to be additional to the $15,000. The judge's original announcement referring to this verdict was "Clearly they intended to compensate plaintiff for his injuries in an amount in excess of $15,000." Thus, the plaintiff was persuaded not to appeal. This is one good reason why the court should not alter its ruling more than 30 days later. The orders are reversed and the cause remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

CULBERTSON, P. J. and ROETH, J., concur.