DANNY FORRESTER, Plaintiff-Appellee, v. K. D. PATRICK *et al.*, Defendants-Appellants.

First District (5th Division) Nos. 86—2605, 86—3477

Opinion filed March 4, 1988.

Herbert P. Carlson and Timothy J. Lowery, both of Iversen, Carlson & Associates, of Chicago, for appellants.

Law Offices of Charles J. DeGrange, of Chicago (Charles J. DeGrange and Patrick T. Murphy, of counsel), for appellee.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

This is an appeal of the denial of defendants' post-trial motion for judgment notwithstanding the verdict in an action for damages as a result of an accident in which a semitractor-trailer collided with plaintiff's automobile. Defendants also appeal the denial of two other post-

trial motions brought pursuant to Supreme Court Rule 305 (107 Ill. 2d R. 305) which sought to stay enforcement of the judgment rendered at trial pending appeal.

We affirm. The following is pertinent to our disposition.

Plaintiff, Danny Forrester, filed a two-count complaint against defendants, K. D. Patrick (Patrick) and Bid "D" Cartage Company, following an incident on the Calumet Expressway involving plaintiff's automobile and a semitractor-trailer driven by defendant Patrick, an employee of Big "D" Cartage Company. Count I of the complaint alleged a collision occurred between the two vehicles and sought damages against both defendants. Count II of the complaint realleged the allegations of count I, and sought damages against Patrick, individually, based on willful and wanton conduct.

At trial, testimony was presented that the truck, driven by defendant Patrick, initially struck plaintiff's automobile in an attempt to pass plaintiff while the truck was travelling north on the left shoulder of the I-94 juncture leading into the Calumet Expressway. Defendant Patrick, apparently in response to plaintiff's attempts to have the truck pull over to the side of the road, began to force plaintiff, now on the truck's left, across several lanes of highway, until the truck again struck plaintiff's car, causing the car to strike the left guard rail. Defendant Patrick continued to pursue plaintiff. At approximately 104th Street, a vehicle pulled into plaintiff's lane, forcing plaintiff to slow, whereupon plaintiff's car was struck from the rear by the truck.

Following completion of the trial on June 5, 1986, the court submitted six possible verdict forms to the jury. Pursuant to verdict form D, the jury awarded plaintiff a total of $155,250 for negligence against both defendants on count I, and $10,000 in punitive damages against defendant Patrick, individually based on count II for willful and wanton conduct.

On July 3, 1986, defendants filed a written post-trial motion, subsequently amended at the hearing thereon on August 21, 1986, asking the court to enter judgment notwithstanding the verdict as to count I pursuant to section 2—1202 of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1202.) Defendants contended that verdict form D improperly permitted the jury to find defendant Patrick guilty of both negligence and willful conduct, legally mutually exclusive theories of recovery.

In response, plaintiff argued that at a conference in chambers on the morning of the final day of the trial, defendants' only objection to the instructions and verdict forms concerned the language of verdict

form F, which provided, as to count II, for a reduction of plaintiff's damages based on plaintiff's comparative willful conduct. Plaintiff further argued that a verdict containing findings of negligence and willful and wanton conduct, as provided in the form used by the jury, is not necessarily legally inconsistent. The court denied defendants' motion. A timely notice of appeal was filed on September 19, 1986.

Subsequently, on November 5, 1986, defendants filed a motion asking the trial court to approve the posting and filing of an insurance policy, issued to defendant Big "D" Cartage by Protective Insurance Company, in lieu of an appeal bond. Defendants moved that such filing operate as a stay of enforcement of the judgment pending appeal pursuant to Supreme Court Rule 305. The insurance policy contained a per person liability limit of $100,000. The court determined that the policy limit was inadequate to stay enforcement of the judgment and denied defendants' motion on November 6, 1986.

On November 13, 1986, defendants brought a second motion to stay enforcement of the judgment pursuant to subsection (b) of Supreme Court Rule 305, allowing for the stay of enforcement of money judgments not otherwise stayed in compliance with subsection (a) of the rule. The motion recited that defendant Big "D" Cartage was dissolved and that defendant Patrick had insufficient assets to pay a premium on a supersedeas bond over and above the limit of the insurance policy. Defendants stated that the stay of enforcement of the judgment was necessary to allow defendant Patrick to appeal the jury verdict without being subject to "possible" harassing collection procedures. The trial court denied this motion on the same basis as recited in the November 6, 1986, order.

On December 10, 1986, defendants filed a separate notice of appeal with respect to the orders of November 6 and November 13, 1986, denying a stay of enforcement of the judgment. The appeals have been consolidated.

OPINION

On appeal, plaintiff points out that defendants' only objection was directed at verdict form F, not form D, the form ultimately used by the jury. Plaintiff states, additionally, that defendants never asked the trial court to instruct the jury to make a finding only as to either count I or count II. Plaintiff contends the failure to object effectively waived defendants' opportunity to move for judgment notwithstanding the verdict, below, or to now raise the issue of an improper verdict on appeal.

Defendants do not dispute their failure to object to verdict form

D, but argue, instead, that an objection was not essential to preserve their right to contest the denial of judgment notwithstanding the verdict, since the verdict form contained mutually exclusive, and collectively unsupportable, theories as a matter of law.

■■ ■ Generally, a party waives the right to later object, on appeal, to forms of verdicts submitted to a jury, where no objection was raised at the time of submission. (*Miller v. Green* (1951), 345 Ill. App. 255, 103 N.E.2d 188.) However, in exceptional instances, such as where a single verdict form does not reveal which of two causes of action support the jury's finding, a party's subsequent motion for a new trial may preserve assigned errors respecting the verdict form. *Magnani v. Trogi* (1966), 70 Ill. App. 2d 216, 218 N.E.2d 21.

■■ In the instant action, defendants have failed to preserve the issue of a legally inconsistent verdict form under either method above. First, the record reveals that defendants' sole objection at the instruction conference was directed toward a verdict form other than that ultimately used by the jury. Defendants made no objection whatsoever to Form D, used in rendering the verdict in the trial below. More importantly, even if the instant case presented one of the exceptions to the general waiver rule, and permitted the issue to be first raised in a post-trial motion for a new trial, defendants failed to make the requisite motion.

On July 3, 1986, defendants filed a motion styled "Motion for a New Trial" pursuant to section 2—1202 of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1202.) In the motion, defendants requested that the trial court set aside the verdict as to both counts I and II on the ground that the verdicts were legally inconsistent. Defendants also complained of other alleged prejudicial error unrelated to the verdict's argued inconsistency. Plaintiff filed a response to the motion, defendants filed a reply to the response, and a hearing on the motion was set for August 21, 1986.

However, at the hearing, counsel for defendants made the following statement, orally amending the pending motion:

"Before I start, Judge, I would like to make an amendment on the record with respect to the relief requested by this Section 2—1022 [*sic*] motion in that we are asking for a judgment notwithstanding veredicto [*sic*] as to count I only. This does not apply to count II, *nor are we asking for a new trial.* (Emphasis added.)

*** As I say, it amends the original motion which was the alternative."

■■ ■ While a motion for a new trial may preserve, on review,

errors in giving or refusal of instructions, or other matters concerning the trial's outcome where specifically raised in the motion (*Richichi v. City of Chicago* (1964), 49 Ill. App. 2d 320, 199 N.E.2d 652), a motion for judgment notwithstanding the verdict preserves only a question as to whether, in consideration of all of the evidence presented, there is any evidence which tends to support the verdict. (*Wills v. Paul* (1960), 24 Ill. App. 2d 417, 164 N.E.2d 631.) Thus, defendants, in withdrawing their motion for a new trial, and moving solely for judgment notwithstanding the verdict as to count I, abandoned the only possible remaining method by which they could now challenge the verdict rendered. Therefore, we hold defendants have waived any objection as to the propriety of the verdict form for purposes of appeal.

Although we determine that defendants waived their opportunity to contest the jury's decision, we proceed to consider whether the verdict form used, on its face, was improper.

Defendants argue that the verdict returned by the jury on June 5, 1986, finding both ordinary negligence and willful and wanton conduct, is logically inconsistent and legally impossible. Defendants state that defendant Patrick could only have either negligently or willfully and wantonly been the proximate cause of plaintiff's injuries, but not both. If defendant Patrick willfully caused the plaintiff's injuries, then no verdict against defendant Big "D" Cartage can stand. Conversely, if defendant Patrick's ordinary negligence was the proximate cause of plaintiff's injuries, then no willful and wanton action may lie. Defendants principally rely on the case of *Eggimann v. Wise* (1964), 56 Ill. App. 2d 385, 206 N.E.2d 472, and further argue that *Churchill v. Norfolk & Western Ry. Co.* (1978), 73 Ill. 2d 127, 383 N.E.2d 929, stands for the rule that where the jury returns verdicts for plaintiff on both negligence and willful and wanton counts, only the willful and wanton count may stand.

In *Eggimann*, the court entertained a consolidated wrongful death action, arising out of an automobile collision, involving two complaints which each contained separate counts sounding in negligence and willful and wanton conduct against the defendant. Although the trial court expressed reservation, indicating separate verdicts should be rendered on each count, the jury was instructed, pursuant to two verdict forms, to find as to both count I, ordinary negligence, and count II, willful and wanton conduct. The court on appeal held that because plaintiffs' deaths could not have been caused both negligently and willfully at the same time, the instructions as to the form of the verdict tended to confuse the jury and constituted reversible error.

In *Churchill*, an action involving a collision between an automo-

bile and a train at a train crossing, the complaint similarly pleaded one count for ordinary negligence and another for willful and wanton conduct against the defendant. The jury returned separate verdicts on both negligence and willful and wanton counts. While the appellate court "limitedly" agreed with the rationale in *Eggimann* to the extent that negligence and willful conduct are not synonymous, the court acknowledged, without explanation, that the theories are not necessarily mutually exclusive. The court noted, however, that a return of separate verdicts on the negligence and willful counts warranted no departure from the established rule that when a jury returns a general verdict in an action involving both theories, the negligence count must fall.

Unlike the case at bar, both *Eggimann* and *Churchill* involved injuries resulting from a *single* occurrence from which there could be but one recovery, irrespective of the verdict form. Those cases are fundamentally distinguishable from the case at bar, in which testimony at trial revealed more than a single isolated event took place. In the instant case, although the complaint alleges "a collision" occurred, the record contains evidence of more than one accident during a course of events which stretched over a considerable period of time and distance, encompassing at least three separate impacts.

■■ An objection that an issue was not raised in the pleadings is waived either by the conduct at trial of the objecting party, or by introduction of evidence on the issue. (*La Grange Federal Savings & Loan v. Rock River Corp.* (1981), 97 Ill. App. 3d 712, 423 N.E.2d 496.) Further, the jury's intention may be construed not only from the actual verdict, but also from consideration of the entire record before it. (*Kimes v. Trapp* (1964), 52 Ill. App. 2d 442, 202 N.E.2d 42.) Lastly, as previously stated, we are confined, on review of a denial of a motion for judgment notwithstanding the verdict, to determining only whether there exists any evidence which tends to support the verdict.

■■ We conclude, based upon a review of the record, that there was sufficient basis for the jury to find that some of plaintiff's injuries arose out of events for which defendant Patrick, and, vicariously, defendant Big "D" Cartage, could be found negligent. There was also a basis for the jury's conclusion that some of plaintiff's injuries were caused as a result of the willful and wanton conduct of defendant Patrick, individually. Because defendants, at no time, objected to the evidence of more than one collision, or requested any special findings of the jury regarding plaintiff's injuries, we cannot now find that the verdict was improper. In so holding, we realize that it is the function of the trial court to furnish the jury proper verdict

forms; however, we cannot condone the practice of parties to invite error by their conduct or inaction and later assign as error that which is so invited in the event the verdict of the jury is not to their liking. *Drollinger v. Merrell* (1978), 57 Ill. App. 3d 792, 373 N.E.2d 407.

██ Lastly, we address whether the trial court abused its discretion in either denying defendants' motions to stay enforcement of the judgment, or to stay enforcement of that portion of the judgment up to the limit of liability of the insurance policy.

Defendants argue that it was abuse for the trial court to deny defendants' motion for a stay based on the inadequacy of security to plaintiff, particularly because defendant Big "D" Cartage was dissolved and without assets, other than the insurance policy, and because defendant Patrick has insufficient assets to pay a premium on a supersedeas bond over and above the policy limit.

Under Supreme Court Rule 305, a party seeking to stay enforcement of a money judgment pending appeal may do so pursuant to either subsection (a) or (b) of the rule. However, under either subsection a bond is required. (107 Ill. 2d Rules 305(a)(1), (b)(3).) The filing of an insurance policy is considered the filing of a bond. (107 Ill. 2d R. 305(h).) The rule recites that the condition of the bond in cases of appeal from money judgments "shall be for the prosecution of the appeal and the payment of the judgment, interest, damages, and costs in case the judgment is affirmed or the appeal dismissed." 107 Ill. 2d R. 305(d).

Beyond the language of the rule itself, little guiding authority exists in Illinois as to what amount of bond may be required by the court. However, it cannot be said, in the instant case, that the trial court's denial of a stay of enforcement of a judgment for $155,250 on the basis of an insurance policy worth a total of $100,000 was an abuse of discretion. Not only was the amount of the proposed bond $55,250 short of the judgment amount, excluding interest and costs, but the insurance policy, by a standard exclusion of coverage for acts intended or expected on the part of its insured, potentially eliminates any applicability of the policy as to count II, and therefore would provide plaintiff no security as to the judgment on that count.

██ Alternatively, defendants urge us to find that the trial court abused its discretion in not permitting the insurance policy to stay enforcement of a portion of the judgment up to the policy's liability limit. Defendants concede no authority in Illinois exists to support a rule enabling a partial stay, but argue that other jurisdictions allow such a stay either at common law or by legislative enactment.

A plain reading of our own statute reveals that the court below

properly denied defendants' motion for a partial stay. Subsection (h) of Rule 305 provides that the filing of the policy as bond be pursuant to section 392.1 of the Illinois Insurance Code (Ill. Rev. Stat. 1969, ch. 73, par. 1004.1). (107 Ill. 2d R. 305(h).) Section 392.1 expressly provides that the policy must cover "all of the particular liability of the appellant" and the court must be "satisfied of the applicable coverage of such policy or bond." (Ill. Rev. Stat. 1969, ch. 73, par. 1004.1.) We note further that the Illinois legislature deleted the words "or a part" following "all" in the codification above (Ill. Ann. Stat., ch. 73, par. 1004.1, Historical note, at 243 (Smith-Hurd 1965)), thereby effectively precluding partial stays.

Here, the policy is clearly insufficient to cover defendants' total liability.

For the foregoing reasons, the decision of the trial court denying defendants' motions for judgment notwithstanding the verdict, and to stay, in whole or in part, enforcement of the judgment, is affirmed.

Affirmed.

SULLIVAN and MURRAY, JJ., concur.