*In re* TIMOTHY H., Alleged to be a Person in Need of Involuntary Psychotropic Medication (The People of the State of Illinois, Petitioner-Appellee, v. Timothy H., Respondent-Appellant).

Second District    No. 2—97—0910

Opinion filed December 28, 1998.

William E. Coffin, of Guardianship & Advocacy Commission, of Chicago, and Teresa L. Berge, of Guardianship & Advocacy Commission, of Rockford, for appellant.

David R. Akemann, State's Attorney, of St. Charles (Martin P. Moltz and Diane L. Campbell, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HUTCHINSON delivered the opinion of the court:

On May 2, 1997, the State filed a petition to administer psychotropic medication to respondent, Timothy H., pursuant to section 2—107.1 of the Mental Health and Developmental Disabilities Code (the Code) (405 ILCS 5/2—107.1 (West 1996)). The case proceeded to trial, in which the jury returned a verdict granting the petition, and judgment was entered on the verdict. Respondent appeals the trial court's order authorizing the involuntary administration of psychotropic medication for up to 90 days to respondent. For the reasons that follow, we reverse.

On August 25, 1997, a jury trial was held on the State's petition to administer psychotropic medication to respondent. The record reflects that respondent, respondent's counsel, and counsel for the State were present and conducted *voir dire* of prospective jurors without a court reporter. The State's first witness was Douglas Brown, respondent's caseworker. Brown described respondent's interaction with others as "loud." He added that respondent would "attack people verbally" and question their sexual orientation and religious beliefs. He believed that respondent's behavior was disruptive to other patients and to the staff at Elgin Mental Health Center (the Center). On cross-examination, Brown stated that respondent never tried to strike him, but that he had seen respondent attempt to hit another individual. Brown could not offer any further details regarding the incident.

Dr. Chandragupta Vedak, a psychiatrist for the Center, testified as an expert witness. He described how the police brought respondent to

the Center in November 1996 after finding him lying on the side of a creek in freezing temperatures with inadequate clothing. Vedak opined that respondent was not capable of providing food, shelter, and medical treatment for himself. He added that respondent has interpersonal difficulties such that he has difficulty trusting others, perceives other males as homosexuals, and uses derogatory words to describe others. Respondent has few social skills and reflects an inability to maintain a "personal space" with others. Vedak characterized respondent's behavior with others as disruptive. In Vedak's opinion, respondent suffers from manic-depressive illness of rapid cycling type with psychotic features.

Vedak next discussed possible treatments, including antipsychotic medications and mood-stabilizing medications. He described the benefits of the medications as well as the harmful side effects. He noted that respondent refuses to voluntarily take the medications. Vedak, however, testified that he did not believe that respondent has the capacity to make a reasoned decision about psychotropic medication. Vedak also believes that respondent is unable to understand the advantages and disadvantages of the available treatments. Vedak opined that medicating respondent would be the least restrictive measure in treating respondent.

On cross-examination, Vedak testified that, in a prior jury trial on a petition to administer psychotropic medication to respondent, the jury found that respondent was not subject to involuntary medication. Vedak also explained the side effects in greater detail.

The parties proceeded to an instructions conference. The State proffered 11 instructions, to which respondent's counsel made no objection. Respondent's counsel objected to the State's instruction No. 12, which was a verdict form finding in favor of respondent. The instruction was subsequently substituted and admitted. Counsel for respondent proffered no instructions.

The State rested, and respondent testified on his own behalf. Respondent testified that he did not wish to take medication because it was against his religion and because nothing was wrong with him. He discussed the circumstances that brought him to the Center. He also explained an incident at the Center in which he was "attacked" twice by a homosexual individual and had to defend himself. Respondent testified that he tries to avoid violence.

Respondent stated that he did not want to take medication. On cross-examination, respondent discussed the philosophy of his religion, why he was near the creek, the incident of being touched by a homosexual individual, and the side effects of medication.

After closing arguments, the trial court instructed the jury. The

jury returned a verdict in favor of the State, finding that respondent was "a person with a serious mental illness, and *** someone who qualifies for the administration of psychotropic medication." The trial court entered its judgment on the verdict. Respondent timely appeals from the trial court's order authorizing the involuntary administration of psychotropic medication.

Initially, we note that this case is moot. See *In re Barbara H.*, 183 Ill. 2d 482 (1998). The trial court's order authorizing the administration of psychotropic medication was limited in duration to 90 days, which have since passed. This court has, however, previously recognized an exception to the mootness doctrine for mental health cases. See *In re Slaughter*, 253 Ill. App. 3d 718, 721-22 (1993).

■ Recently, though, our supreme court analyzed the qualification of a case for review when it would otherwise be moot. See *In re Barbara H.*, 183 Ill. 2d at 491-92. The supreme court utilized the two-part test enunciated in *In re A Minor*, 127 Ill. 2d 247 (1989), in determining whether *Barbara H.* should receive the benefit of the exception to the mootness doctrine. To receive the benefit, the *In re A Minor* case states that the complaining party must demonstrate that (1) the duration of the challenged action is too short to be fully litigated prior to its cessation, and (2) a reasonable expectation exists that the same complaining party would be subjected to the same action again. *In re A Minor*, 127 Ill. 2d at 258. In determining that both requirements were present, the court in *In re Barbara H.* subsequently addressed its appeal on the merits.

■ In the present case, we also find that the exception to the mootness doctrine applies. The trial court's order, dated August 25, 1997, was for 90 days and, therefore, too short in duration to permit appellate review. Furthermore, the record reflects respondent's history of mental illness as well as a prior petition for the administration of psychotropic medication. Given that, one could reasonably expect that respondent in this case may again be subject to this type of petition. Therefore, we will proceed with the merits of this appeal.

■ Respondent first contends that the trial court's order must be reversed because he was denied his statutory right to a verbatim record of the jury selection proceedings. Section 3—817 of the Code states that "[a] verbatim record shall be made of all judicial hearings held pursuant to this Chapter." 405 ILCS 5/3—817 (West 1996). The record reflects that "[j]ury selection was had off the record." The State argues respondent failed to object to proceeding in this manner and, had he objected, a recording of the jury selection process could have been made. The State also argues that a bystander's report pursuant to Supreme Court Rule 323(c) (166 Ill. 2d R. 323(c)) could have been

provided. Respondent's appellate counsel answers that they were unable to obtain a bystander's report due to a lack of cooperation by respondent's trial counsel. The State counters by referring to its own investigation, including conversations with the circuit clerk's office, misunderstandings between the circuit clerk's office and respondent's appellate counsel, and the diligence of respondent's appellate counsel in securing a bystander's report.

■Without more accurate information than the allegations of each party in the briefs, we cannot say this is reversible error. The record fails to reflect whether a mutual waiver of the jury selection proceedings existed or whether there was any arrangement between the parties to provide a bystander's report. The State blames respondent's appellate counsel for failing to procure a bystander's report, and respondent's appellate counsel blames respondent's trial counsel for his lack of cooperation. Notwithstanding the parties' tangential accusations, respondent is the appellant and it is his duty as such to present an adequate record to this court. See *In re Hays*, 115 Ill. App. 3d 686, 689 (1983). We do, however, note our concern about the failure of the trial court to make a verbatim record of the jury selection process and strongly suggest the use of court reporters during such proceedings in the future. See *In re Stone*, 249 Ill. App. 3d 861, 866 (1993), citing *In re Friberg*, 249 Ill. App. 3d 86, 92-93 (1993).

Although respondent presents other issues for review, we find that we need only address one additional issue, namely, whether respondent was denied his due process right to a fair trial. Respondent asserts that he was denied his due process right to a fair trial in that the jury was inadequately instructed.

In the present case, petitioner presented the following instructions:

> "The Petitioner has the burden of proving each of the following propositions by clear and convincing evidence:
>
>                             \* \* \*
>
> If you find from your consideration of all the evidence that each one of these propositions has been proved by clear and convincing evidence, you should find for the Petitioner.
>
> If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved by clear and convincing evidence, you should find for the Respondent[ ]"

and

> "When I say that the petitioner has the burden of proof on any proposition, or use the expression 'if you find,' I mean you must be persuaded, considering all of the evidence in the case, that the

proposition on which the petitioner has the burden of proof has been proven by clear and convincing evidence."

No instruction defining "clear and convincing evidence" was offered by either party. Following deliberations, the jury found respondent had a serious mental illness and qualified for the administration of psychotropic medication.

■ Respondent argues that an instruction defining "clear and convincing evidence" should have been given and, by failing to give the instruction, the trial court committed reversible error. The State counters that respondent has waived this issue by failing to object to the other instructions or propose alternative instructions (see *Aguinaga v. City of Chicago*, 243 Ill. App. 3d 552 (1993)). We reject the State's claim that respondent has waived the issue. Pursuant to *Muscarello v. Peterson*, 20 Ill. 2d 548 (1960), reviewing courts may review and consider issues on appeal under the plain error doctrine, even though no objection was made and no ruling made or preserved at the trial level. *Muscarello*, 20 Ill. 2d at 555.

The definition of "clear and convincing evidence" warrants a brief history. In 1912, it was defined as evidence that " 'strike[s] all minds alike as being unquestionable ***.' [Citation.]" *Lines v. Willey*, 253 Ill. 440, 449 (1912). In the 1950s, clear and convincing evidence "[left] the mind well satisfied [of the truth of a proposition]" (*Hotze v. Schlanser*, 410 Ill. 265, 269 (1951)) and was evidence that was so "clear, strong, unequivocal and so convincing as to lead to but one conclusion" (*Johnson v. Johnson*, 1 Ill. 2d 319, 324 (1953)). Clear and convincing evidence then became defined as "more than a preponderance while not quite approaching the degree of proof necessary to convict a person of a criminal offense." *In re Estate of Ragen*, 79 Ill. App. 3d 8, 14 (1979). Still later, it was defined in terms of reasonable doubt. See, e.g., *In re Estate of Hutchins*, 120 Ill. App. 3d 1084, 1087 (1984) (defining clear and convincing evidence as "proof which leaves no reasonable doubt in the mind of the trier of fact").

In 1987, the reviewing court in *In re Estate of Casey*, 155 Ill. App. 3d 116 (1987), eschewed the "reasonable doubt" terminology. It posited that "perhaps the term *** is best left undefined," but if it were to be defined, "then the definition should be one which will aid jurors and clearly distinguish it from the other degrees of proof." *In re Estate of Casey*, 155 Ill. App. 3d at 123. *Casey* was followed as recently as 1994 in *Washington Courte Condominium Ass'n-Four v. Washington-Golf Corp.*, 267 Ill. App. 3d 790 (1994). In *Washington Courte*, the parties tendered to the trial court three different jury instructions defining the term "clear and convincing evidence." The trial court refused all three, concluding the term was best left

undefined. The reviewing court agreed, stating that the definitional instructions likely would have misled the jury, as the instructions were similar to those found misleading in *Casey. Washington Courte,* 267 Ill. App. 3d at 820.

In February 1995 our supreme court in *Bazydlo v. Volant,* 164 Ill. 2d 207 (1995), noted the following:

> "Courts have defined 'clear and convincing' evidence most often as the quantum of proof that leaves no reasonable doubt in the mind of the fact finder as to the truth of the proposition in question. Although stated in terms of reasonable doubt, courts consider clear and convincing evidence to be more than a preponderance while not quite approaching the degree of proof necessary to convict a person of a criminal offense." *Bazydlo,* 164 Ill. 2d at 213.

See also *In re Jones,* 285 Ill. App. 3d 8 (1996) (utilizing the definition from *Bazydlo* in determining whether the trial court's decision in its case was manifestly erroneous).

Shortly after *Bazydlo* was decided, however, the Illinois Supreme Court Committee on Pattern Jury Instructions added a new instruction in response to a statutory amendment that became effective in August 1995. See 720 ILCS 5/6—2(e) (West 1996) (changing the burden of proof for a defendant wishing to present a defense of insanity from a "preponderance of the evidence" to "clear and convincing evidence" in showing that a defendant was not guilty by reason of insanity). Clear and convincing evidence is defined, according to Illinois Pattern Jury Instructions, Criminal, No. 4.19, as "that degree of proof which, considering all the evidence in the case, produces the firm and abiding belief that it is highly probable that the proposition on which the defendant has the burden of proof is true." Illinois Pattern Jury Instructions, Criminal, No. 4.19 (3d ed. Supp. 1996). Therefore, during the course of the instant proceeding, there existed an Illinois Pattern Jury Instruction containing the definition of the phrase "clear and convincing evidence."

■ Jury instructions provide jurors with the correct principles of law applicable to the evidence that has been submitted to them. *Gaines v. Townsend,* 244 Ill. App. 3d 569, 576 (1993). A trial court's determination as to the instructions to be given to a jury will not be disturbed absent an abuse of discretion. *Abbinante v. O'Connell,* 277 Ill. App. 3d 1046, 1050 (1996). A trial court abuses its discretion if jury instructions are not clear enough to avoid misleading the jury or if the jury instructions do not accurately state the law. *Abbinante,* 277 Ill. App. 3d at 1051. According to Supreme Court Rule 239(a) (134 Ill. 2d R. 239(a)), the use of Illinois Pattern Jury Instructions is required unless the trial court determines that they are an inaccurate statement of the law. 134 Ill. 2d R. 239(a).

■ Here, the State had the burden of proving, by clear and convincing evidence, that respondent was qualified to receive psychotropic medication. However, the State failed to propound an instruction defining its burden. Respondent also failed to offer an instruction. Generally, the party desiring a specific instruction bears the burden to present it to the trial court and request that it be given to the jury. *People v. Turner*, 128 Ill. 2d 540, 562 (1989). However, to ensure a fair trial in the context of a proceeding to involuntarily administer psychotropic medication, we determine that a trial court is required to offer an instruction *sua sponte* if it relates to the elements ultimately authorizing the administration of psychotropic medication, the question of the burden of proof, and a definition or description of the applicable burden of proof as provided in the Illinois Pattern Jury Instructions. *Cf. Turner*, 128 Ill. 2d at 562-63 (requiring a trial court to offer an instruction *sua sponte* if it relates to the elements of the crime charged, the presumption of innocence, and the question of burden of proof). "[I]t is essential that jurors receive a definition or description of the applicable burden of proof." *Rikard v. Dover Elevator Co.*, 126 Ill. App. 3d 438, 441 (1984). In the present case, the instruction concerned the burden of proof.

Without jurors being offered a definition of the burden of proof, a danger exists that they may conceivably apply the wrong standard, for example, one with which they were familiar from another trial on which they served. The failure to explain the proper burden of proof could result in extreme prejudice to a respondent. Because involuntary administration of mental health services implicates fundamental liberty interests (*In re Barbara H.*, 183 Ill. 2d at 498, citing *Cooper v. Oklahoma*, 517 U.S. 348, 368-69, 134 L. Ed. 2d 498, 515, 116 S. Ct. 1373, 1384 (1996)), explaining the proper burden of proof is imperative to ensure that the jury properly applied the facts to the law (see *Rikard*, 126 Ill. App. 3d at 440). We decline to assume that jurors are sophisticated in the subtle differences in the legal burdens of persuasion that apply in different situations before the courts. Where an Illinois Pattern Jury Instruction defining the applicable burden of proof is available and modifiable, it should be given. In the present case, we find that the trial court abused its discretion by failing to explain "clear and convincing evidence" to the jury.

We cannot simply say this was harmless error, either. A trial court's nondescription of the applicable burden of proof cannot be harmless because the jury's deliberations, findings, and ultimate decision were rendered through an improper scope of analysis. See *People ex rel. Mendez v. Villa*, 260 Ill. App. 3d 866, 871 (1994).

If a fair trial is to be had before layperson jurors, the issues and

instructions must be presented fairly and simply. *Aardvark Art, Inc. v. Lehigh/Steck-Warlick, Inc.*, 212 Ill. App. 3d 492, 496 (1991), citing *Rudolph v. City of Chicago*, 2 Ill. App. 2d 370, 377 (1954). We hold that the fairness of this trial was compromised when the jurors were insufficiently instructed. Accordingly, we reverse.

Our determination that respondent was denied his due process right to a fair trial in that the jury was inadequately instructed obviates the need to address the other issues on appeal.

For the foregoing reasons, the judgment of the circuit court of Kane County is reversed.

Reversed.

BOWMAN and RAPP, JJ., concur.