No. 2--00--0510

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

In re
 FRANCES K.              ) Appeal from the Circuit Court

                              ) of Kane County.                 

)

      ) No. 00--MHK--46

      )      

(The People of the State      )          

of Illinois, Petitioner-      ) Honorable                  

Appellee, v. Frances K.,      ) James C. Hallock,   

Respondent-Appellant).        ) Judge, Presiding.

_________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court:
 

Frances K. was a mental health patient.  Her psychiatrist filed a petition pursuant to the Mental Health and Developmental Disabilities Code (Mental Health Code) (405 ILCS 5/1--100 
et seq.
 (West 1998)) seeking a court order authorizing the involuntary administration of nonemergency psychotropic medication.  405 ILCS 5/2--107.1 (West 1998).  The matter proceeded to trial before a jury of six.  The jury returned a verdict finding that respondent was a person who qualified for the involuntary administration of psychotropic medication.  The trial court entered judgment on the verdict, authorizing the involuntary administration of five  specific medications over a period of 90 days.  On appeal, respondent asserts that the judgment must be reversed since, in violation of the Mental Health Code
, the State improperly commented on her failure to attend the trial; she also asserts that the court's judgment authorizing the administration of specific medications in specific doses was inconsistent with the general verdict.  For the following reasons, we reverse.

The following facts were adduced from the record. Respondent was admitted for mental health treatment at the Elgin Mental Health Center on January 20, 2000.  She was diagnosed with a schizoaffective disorder, bipolar type, which is a mental illness.  During her admission to the Elgin Mental Health Center, respondent exhibited symptoms of psychosis, including hallucinations, paranoid delusions, disorganized thoughts and behavior, and affective symptoms of sleep disturbance, irritability, and affective lability, or mood swings.  

While respondent was a resident at the Elgin Mental Health Center, her psychiatrist noticed that she paced the halls continuously while talking loudly to herself and answering under her breath.  She would not allow a physician to examine her but insisted that she had "belly" cancer and that wearing a pink knit winter hat helped the cancer.  She had delusions of grandeur, characterized by comments that she was a police officer and was going to send the staff at the mental health center to jail. Respondent's psychiatrist characterized her as hostile, distrustful, and irritable.  She became angry and verbally threatening to any person who approached her.

Respondent was encouraged to take medication while at the mental health facility.  When the subject was broached, she became angry and irritable, yelled, screamed, and raised her arm in a threatening manner.  She tore the written authorization for administration of medication and refused to speak about the subject with her psychiatrist.

Respondent's condition deteriorated.  Prior to her admission to the mental health center, she had been working, lived independently, and had no contact with the police.  During her admission, however, respondent lost her housing, had no money, was not able to get along with others due to her verbal threats and angry disposition, and would not accept medical care.  She could not be released because her psychiatrist did not believe she could take care of herself safely.

On January 31, 2000, Elizabeth Tomar, M.D., respondent's psychiatrist, filed a petition seeking the involuntary administration of the following psychotropic medications:  Haldol, Cogentin, Risperdal, Zyprexa, and lithium.  The matter proceeded to a jury trial on May 8, 2000.  Dr. Tomar gave testimony concerning respondent's mental illness, her refusal to take medication, and the risks and benefits of the medications she sought to administer.  She also testified that respondent's refusal to attend the trial exemplified respondent's disorganized thoughts or behaviors. 

The jury returned a general verdict, finding in favor of petitioner and against respondent and further finding that respondent was a person who qualified for the involuntary administration of psychotropic medication.  The trial court entered judgment on the verdict that specifically authorized the involuntary administration of Haldol, Cogentin, Risperdal, Zyprexa, and lithium.  The order also authorized lab work for the safe administration of such medications.  Respondent timely appealed.  Her motion for a stay of the judgment pending appeal was denied.

At the outset, we determine that this case would normally be moot.  See 
In re Nancy M.
, 317 Ill. App. 3d 167, 172 (2000).  The trial court's order granting the petition for involuntary administration of psychotropic medication was entered on May 8, 2000.  The terms of the order limited the duration of the administration of medication to 90 days.  This time has since passed.  At this point, respondent could be forced to take psychotropic medication against her will only
 if a new petition was filed and a new hearing was conducted.  The original judgment no longer has any force or effect.  As a result, our review of the propriety of the evidence concerning respondent's failure to attend the hearing or the court's order authorizing the administration of specific medications would not affect the outcome of the controversy. 

However, when a challenged action is of short duration and is " 'capable of repetition, yet evading review' " (
In re Barbara H.
, 183 Ill. 2d 482, 491 (1998), quoting 
In re A Minor
, 127 Ill. 2d 247, 258 (1989)), it may be reviewed on the merits, even if otherwise moot, if (1) the duration of the challenged action is too short to be fully litigated prior to its cessation and (2) there is a reasonable expectation that respondent would be subjected to the same action again.  
In re Barbara H.
, 183 Ill. 2d at 491.  Both criteria are satisfied here.  By statute, psychotropic medication cannot be administered involuntarily for more than 90 days without an additional hearing.  405 ILCS 5/2--107.1(a)(5) (West 1998).  This period of time is far too brief to permit appellate review.  In virtually every case, the challenged medication orders would expire before appellate review was completed, as occurred here.  If the mootness doctrine were applied under such circumstances,  recipients of involuntary administration of psychotropic medication would be deprived of legal recourse in challenging the trial court's orders.  The right to appeal as provided by the Mental Health Code would be a nullity. 405 ILCS 5/3--816 (West 1998).

The second requirement to apply the exception to the mootness doctrine is also present.  Although respondent's current status is not revealed by the record filed on appeal, it does indicate that she had a history of mental illness and hospitalization for such illness as recently as 2½ years prior to the hospitalization at issue.  Given this history, it is reasonable to expect that another petition may be filed against her in the future.  Therefore, we will address the issues raised on appeal on the merits.

Respondent asserts that she was denied procedural due process when the State introduced evidence that her failure to attend the trial illustrated disorganized thought, a symptom of  mental illness.  A respondent's presence at any hearing under the Mental Health Act is not mandatory.  If the respondent refuses to attend, the hearing may proceed in her absence.  405 ILCS 5/3--806(b) (West 1998).  According to the precise terms of the statute, "[n]o inference may be drawn from the recipient's non-attendance."  405 ILCS 5/3--806(c) (West 1998).

The record reflects that Dr. Tomar testified on direct examination, without objection, that respondent's failure to attend the trial demonstrated disorganized thought, a symptom of mental illness.  The record further reflects that respondent's own attorney pursued the same line of testimony on cross-examination of Dr. Tomar.  Yet, respondent takes issue with the State's reference to such testimony in its closing argument.

When a party does not object to the admission of testimony on direct examination and proceeds to pursue the same line of questioning on cross-examination, any errors concerning the admission of such evidence are waived on appeal.  
People v. Gully
, 151 Ill. App. 3d 795, 799 (1986).  However, under the plain error doctrine, this court may address a waived issue if the evidence is closely balanced or the error affects substantial rights.  134 Ill. 2d R. 615(a);  
People v. McVeay
, 302 Ill. App. 3d 960, 966 (1999). Fundamental liberty interests are involved in the involuntary administration of medication for mental health purposes.  See 
In re Barbara H
., 183 Ill. 2d at 498, citing 
Cooper v. Oklahoma
, 517 U.S. 348, 368-69,  134 L. Ed. 2d 498, 515
, 116 S. Ct. 1373, 1384 (1996).  Therefore, we will consider this issue on the merits.  

In mental health cases, strict compliance with statutory provisions is compelling, as liberty interests are involved.  Noncompliance with statutory provisions of the Code renders a judgment entered under such circumstances erroneous and of no effect.  
In re Price
, 152 Ill. App. 3d 960, 961 (1987).

The language of the Mental Health Code clearly and unequivocally provides that "[n]o inference may be drawn from the [respondent's] non-attendance [at any hearing held under the Mental Health Code]."  405 ILCS 5/3--806(c) (West 1998).  We do not agree with the State's representation that it was harmless error to  introduce evidence that respondent's failure to attend the hearing demonstrated a symptom of mental illness.  Although other evidence was introduced to demonstrate respondent's symptoms of mental illness, it was improper for the State to make reference to her failure to attend through its witnesses and in its closing argument.  By the admission of such testimony and argument in closing, the State invited the jury to infer that respondent's nonattendance demonstrated her need for medication.  By statute, respondent had a constitutional right not to appear at the hearing.  The record reflects that the State and respondent's own attorney violated her constitutional right by ignoring the express terms of the statute to her detriment.

Next, respondent contends that the trial court's judgment entered on the verdict, which specified the medications and dosages to be administered, was inconsistent with the general verdict.  Respondent asserts that the use of a general verdict form invaded the province of the jury because it prevented it from making the determination of whether the benefits of each of the five proposed medications outweighed their risks.

The record reflects that respondent failed to object to the verdict form or tender an alternate verdict form during the instruction conference.  However, we will review this issue on the merits under the plain error doctrine.  See 
In re Nancy M.
, 317 Ill. App. 3d at 176.

The verdict form signed by the jury reads as follows: "We, the Jury, find for the Petitioner, and against the Respondent, Frances [K].  We find that the Respondent is someone who qualifies for the involuntary administration of psychotropic medication."  Signature lines for the six members of the jury followed.  The verdict form did not include any space for the jury to determine the medications or doses to be administered.

Following the jury's verdict, the trial court entered judgment on the verdict.  The court's order, which appears to have been entered with respondent's counsel present, reads as follows:

"The State's petition is granted.  Dr. Tomar and Elgin Mental Health Center is [
sic
] authorized to administer the following medications and conduct lab work for the safe and effective administration of those medications:

Haldol 
<
 50 mg/day by mouth or injection

Cogentin 
<
 10 mg/day Zyprexa 
<
 30 mg/day

Risperdol [
sic
] 
<
 16 mg/day Lithium 
<
 2500 mg/day

This Court enters judgment on verdict.  Respondent's motion to stay enforcement pending appeal is denied."

In a proceeding to authorize the administration of psychotropic medication against a patient's will, the State must prove the existence of seven factors provided in section 2--107.1 of the Mental Health Code.  405 ILCS 5/2--107.1 (West 1998).  By statute, the trier of fact is to determine whether the benefits of the proposed medication outweigh the harm.  405 ILCS 5/2--107.1(a)(4)(D) (West 1998).  Since this case was tried before a jury, the issue of whether the benefit of the proposed medications outweighed the harm was a question of fact for the jury to determine.  
Nancy M.
, 317 Ill. App. 3d at 176-77.

The petitioning psychiatrist, Dr. Tomar, testified about the purpose, side effects, and benefit of each of the medications listed on the petition and on the court's judgment on the verdict.  However, the jury's verdict does not show that the jury made a determination that the benefits of the medications outweighed the harm.  Since the verdict form did not ask the jury to conclude the medications and doses to be administered, the verdict fails to illustrate that the jury intended to authorize all five of the medications.

As this court determined in 
Nancy M.
, the jury, as the trier of fact, should make findings concerning the medications the State seeks to involuntarily administer, either in a special interrogatory or within its verdict.  
Nancy M.
, 317 Ill. App. 3d at 178.  Those findings should include whether the benefits of a particular medication outweigh the harm.  
Nancy M.
, 312 Ill. App. 3d at 178.  If the jury finds in favor of the State on the issue of the involuntary administration of psychotropic medication, its verdict should clearly illustrate that it intended to authorize the administration of the specific medications in a dose consistent with the evidence presented at trial.  
Nancy M.
, 317 Ill. App. 3d at 178.  

The record is devoid of any indication that the jury made a risk/benefit analysis of each of the medications listed on the trial court's judgment entered on the verdict.  Because the record does not indicate that the jury determined that the benefit of each medication listed on the court's order, in the dose specified, outweighed its harm, respondent was denied the right to a fair trial.  

As the dissent notes, the requirement of section 2--107.1(a) (6) of the Mental Health Code (405 ILCS 5/2--107.1(a)(6) (West 1998)) that the treatment order specify the medications and anticipated range of dosages was added by Public Act 90--538 (Pub. Act 90--538, eff. December 1, 1997).  Slip op. at 14.  In our view, the legislature did not intend to remove consent from the physician-patient relationship by this addition to the statutory scheme.  Instead, we believe the legislature created a procedure whereby substituted consent would
 
be given by the appropriate tribunal, namely, the judge or the jury.  As such, informed consent, as determined by the finder of fact, should weigh not only whether treatment should be given but also the manner in which the treatment should be administered.  The finder of fact may decide, based on the evidence presented, that all, some, or none of the drugs the physician has considered should be administered to the patient.  Without this safeguard, the ultimate determination of the manner in which treatment is prescribed is taken out of the hands of the trier of fact and, in our view, denies the respondent due process.

In our view, the provisions of the Mental Health Code were not followed, and respondent was denied a fair trial.  However, the administration of the medication has been terminated according to the terms of the trial court's judgment on the verdict.  A remand is not in order since the proceedings have concluded.  A new petition and hearing must proceed if the State or respondent's physician seeks to administer additional psychotropic medication against respondent's will.  
Barbara H.
, 183 Ill. 2d at 498.  

The judgment of the circuit court of Kane County is reversed.

Reversed.

RAPP, J., concurs. 

JUSTICE GROMETER, dissenting:

I respectfully dissent from that portion of the majority decision holding that the use of a general verdict form was improper and that the jury was required to make findings, either in a special interrogatory or within its verdict, as to the medications and dosages the State seeks to involuntarily administer.  In rendering its opinion, the majority followed this court’s previous position as stated in 
In re Nancy M.
, 317 Ill.  App. 3d 167 (
2000).  Since I believe that 
Nancy M.
 incorrectly expanded the requirements of section 2--107.1(a)(4)(D) of the Mental Health and Developmental Disabilities Code (Mental Health Code) (405 ILCS 5/2--107.1(a)(4)(D) (West 1998)), I dissent.

As the majority decision points out, this matter commenced on a verified petition filed by respondent’s psychiatrist, Dr. Tomar, seeking the involuntary administration of the following psychotropic medications: Haldol, Cogentin, Risperdal, Zyprexa, and lithium.  Dr. Tomar gave extensive trial testimony as to the risks, benefits, and range of dosages of the medications she proposed to administer to respondent.  She explained what each drug was designed to treat and what the side effects might be.  Dr.  Tomar opined that the benefits of the psychotropic medications would outweigh the risks.  The jury returned a verdict finding respondent to be a person who qualified for the involuntary administration of psychotropic medication.  The trial court then entered a treatment order that provided in part for the specific medications and range of dosages and authorized their administration by Dr. Tomar and the Elgin Mental Health Center.

In a proceeding to authorize the involuntary administration of psychotropic medication, the State must prove by clear and convincing evidence each of the seven factors listed in section 2--107.1(a)(4) of the Mental Health Code (405 ILCS 5/2-107.1(a)(4) (West 1998)).  In the instant case, the trial court properly submitted to the jury a burden of proof and issue instruction incorporating these seven factors along with a general verdict form.  The verdict, signed by the jury, stated, "We, the Jury, find for the Petitioner, and against the Respondent, Frances K[ ].  We find that the Respondent is someone who qualifies for the involuntary administration of psychotropic medication."  In signing the verdict, the jury by necessity found the State proved by clear and convincing evidence each of the seven factors enumerated in section 2--107.1(a)(4) of the Mental Health Code.  One of these seven factors is "[t]hat the benefits of the treatment outweigh the harm."  405 ILCS 5/2--107.1(a)(4)(D) (West 1998).  I note that section 2--107.1(a)(4) was recently rewritten by the legislature.  See Pub. Act 90--538, §10, eff. December 1, 1997.  Section 2--107.1(a)(4)(D) formerly read "[t]hat the benefits of the psychotropic medication will outweigh the harm."  405 ILCS 5/2--107.1(a)(4)(D) (West 1996).

The majority opinion, following the language of 
Nancy M.
,  adds the requirement that the jury must also specify the medications and anticipated range of dosages that have been authorized.  The holding of 
Nancy M.
 reads in pertinent part as follows:

"Likewise, in a jury trial, the jury, as the finder of fact, should make findings regarding the medications the State seeks to involuntarily administer to a respondent, either in special interrogatories or within its verdict.  These findings should include whether the benefits of a particular medication outweigh the harm.  See 405 ILCS 5/2--107.1(a)(4)(D) (West 1998).  Thereafter, should a jury ultimately decide a case in favor of the State on the issue of the involuntary administration of psychotropic medication, its verdict should show that it clearly intended to authorize the involuntary administration of specific medications."  
Nancy M.
, 317 Ill. App. 3d at 178.

Generally, in civil cases, unless the nature of the case requires otherwise, the jury shall render a general verdict.  See 735 ILCS 5/2--1108 (West 1998).  Nothing in my reading of section 2--107.1(a)(4) of the Mental Health Code requires the more specialized verdict required by 
Nancy M.
  I note that section 2--107.1(a)(6) of the Mental Health Code (405 ILCS 5/2--107.1(a)(6) (West 1998)), 
which pertains to the treatment 
order
 issued by the trial court after the trier of fact renders its verdict, requires the order to designate, among other things, the medications and the range of dosages that have been authorized.  Section 2--107.1(a)(6) provides:

"(6) An order issued under this subsection (a) shall designate the persons authorized to administer the authorized involuntary treatment under the standards and procedures of this subsection (a).  Those persons shall have complete discretion not to administer any treatment authorized under this Section.  The order shall also specify the medications and the anticipated range of dosages that have been authorized."  405 ILCS 5/2--107.1(a)(6) (West 1998).

Section 2--107.1(a)(6) does not require the State to prove by clear and convincing evidence which medications are to be administered or their respective dosages any more than the statute requires the State to prove by clear and convincing evidence who shall administer these medications or when they need not be given.

I note that section 2--107.1(a)(6)'s requirement that the order specify the medications and anticipated range of dosages was added by Public Act 90--538, the same public act that rewrote section 2--107.1(a)(4).  Accordingly, it is only logical to assume that, if the legislature had intended the State to prove by clear and convincing evidence the medications to be administered and their respective range of dosages, it would have added that provision as part of section 2--107.1(a)(4).  Instead, the legislature added the requirement as part of section 2--107.1(a)(6), the section that pertains to the trial court's order. I would further note that, 
under the holding of 
Nancy M.
, the jury is, in effect, being asked to prescribe the medication and treatment these individuals shall receive.  Such a requirement, I believe, goes far beyond the clear legislative scheme.

Finally, I would note that respondent did not specifically object to the general verdict form and she did not tender an alternate jury instruction.  Generally, the trial court has the discretion to determine the appropriate jury instructions, and its determination will be reversed only for an abuse of discretion (
In re Timothy H.
, 301 
Ill. App. 3d
 1008, 1015 (1998)).  However, a party waives the right to object later
, on appeal, to the verdict forms or instructions submitted to the jury where no objection was raised at the time of submission.  See 
People v. Davis
, 313 
Ill. App. 3d
 585, 589 (2000); 
Forrester v. Patrick
, 167 
Ill. App. 3d
 105, 109 (1988).  The majority avoids this problem by finding that the failure to object constituted plain error.  I disagree and point out that other panels of the appellate court have found that the failure to list in the treatment order the medications to be administered and the range of dosages authorized was harmless and not reversible error where, as here, there was ample evidence at trial as to the various medications to be administered, their effects, and their proposed dosages.  See 
In re Miller
, 301 Ill. App. 3d 1060 (4th
 Dist. 1998); 
In re Barry
, 295 Ill. App. 3d 1080 (2nd
 Dist. 1998) (decided prior to effective date of Pub. Act 90--538).

For the foregoing reasons, I respectfully dissent.